| | |
|---|---|
| 1 | Your Name:    Jorge E. Ordonez Maluf |
| 2 | Address:      4952 S Rainbow Blvd, #366, Las Vegas, NV 89118 |
| 3 | Phone Number: 310 343-0937 |
| 4 | E-mail Address: malufjorge@yahoo.com |
| 5 | Pro Se Plaintiff |

```
         ___FILED       ___RECEIVED
         ___ENTERED     ___SERVED ON
                COUNSEL/PARTIES OF RECORD

              JAN 2 3 2023

         CLERK US DISTRICT COURT
           DISTRICT OF NEVADA
         BY:_____  DEPUTY
```

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

**Jorge E. Ordonez Maluf**

4952 S Rainbow Blvd, #366
Las Vegas, NV 89118

Plaintiff,

vs.

**Bergelectric Corp**

4685 Berg St
North Las Vegas, NV 89081

Defendant.

Case Number: 2:23-cv-00115-CDS-VCF

**COMPLAINT**

DEMAND FOR JURY TRIAL

Yes ☑  No ☐

## JURISDICTION

1. My case belongs in federal court under federal question jurisdiction because it is involves a federal law or right. Title VII of Civil Rights Act of 1964 as amended; ADA of 1990 as amended; ADEA 1967 as amended; FMLA 1993 as amended; DBA of 1931 as amended; Copeland Act of 1934 as amended.

## VENUE

2. Venue is appropriate in this Court because a substantial part of the events I am suing about happened in this district.

## INTRADISTRICT ASSIGNMENT

3. Because this lawsuit arose in Clark County, it should be assigned to the Southern Division of this Court.

## PARTIES

1. Plaintiff.

Name:       Jorge E. Ordonez maluf

Address:    4952 S Rainbow Blvd #366, Las Vegas, NV 89118

Telephone:  310 343-0937

2. Defendant.

Defendant:  Bergelectric Corp

Address:    4685 Berg St, N Las Vegas, NV 89081

Telephone:  702 221-2120

## STATEMENT OF FACTS

6. Jorge Ordonez Maluf, (Plaintiff) Licensed Master Electrician with over 30 years of experience in electrical construction industry and the last 20 years as general foreman for prestigious contractors. Served as both, general foreman and quality control, simultaneously, for Bergelectric, (Defendant) at Nellis AFB, Hospital modernization project. When on July 17, 2020, the Department of Labor confirmed that portion of my wage was being diverted, provided the amount and names of the entities benefiting. These were unauthorized deductions and breach of contract.

7. December 8, 2020, due my battle with a multilevel degenerative disc disease, I made an ADA accommodations request to Janel McLean, HR Manager. December 15, 2020, the same request was made to Katrina Jimenez, another HR Manager. December 17, 2020, I was notified by Katrina Jimenez that my only option was FMLA until the doctor releases me to full unrestricted duties. No accommodations or restrictions, not even an interactive process.

8. January 12, 2021, almost a full month after my request for accommodation was denied, Janel McLean, reaches out to schedule a telephone call to discuss FMLA and accommodations. I

replied via email, that based on my previous experience with Bergelectric, it was my preference to conduct any interview in writing, but was open to whatever the process entailed. The email I sent was never replied to, and my accommodations were denied for a second time.

9. February 22, 2021, with my doctor's release to unrestricted duties in hand, as demanded by Bergelectric to return from FMLA, Mike McGowan, General Superintendent, refused to reinstate me to my either of my two previous positions, of general foreman and/or quality control, or even to any other equivalent or like position, instead, I was demoted to an entry-level position comprised of physical labor the entire shift, was transferred off-base, suffered a reduction in pay to the tune of over 30%, going from a wage of $66/hr to $42/hr, stripped of company benefits such as the work-issued vehicle and gas card.

10. Meanwhile, the positions I had held were reassigned to two employees, one 18 years, and the other 22 years, younger, with no electrical licenses, and together combined, just a fraction of my experience.

11. Immediately after, I emailed Megan Guzman, HR, Justin Knipple, VP, and Mike McGowan, asking to reconsider Mike McGowan's decision, and to assign me to a position with similar terms and responsibilities as before. The request was turned down by Megan Guzman and Justin Knipple.

12. Bound by the necessity, and no alternative means to meet my financial responsibilities and provide for my family; on March 8, 2021, I reluctantly reported for duty at my newly assigned post where I began to endure daily harassment campaigns orchestrated by McGowan and Knipple, which included isolation, gossip, and disrespect, and created an overall hostile environment for me at work.

**CLAIMS**

## First Claim

Violation of Davis-Bacon Act of 1931 and Copeland Act of 1934 by Justin Knipple, Mike McGowan, Janel McLean, and Bergelectric Corp.

1. The unauthorized deductions from my payroll wages violated the Davis-Bacon Act of 1931, Copeland Act of 1934. CFR 29 section 3.5 (d) (2) (i) *The deduction is voluntarily consented to by the employee in writing and in advance.* CFR 29 section 3.5 (d) (3) *No profit or other benefit is otherwise obtained directly or indirectly by the contractor.* CFR 29 section 3.5 (d) (4) *The deductions shall serve the convenience and interests of the employee.* 40 USC 276 a

2. After confirming, with the assistance of the Department of Labor, that a portion of my wage was being diverted, I emailed Mike McGowan requesting my earnings and that the unauthorized deductions cease immediately. Consequently, Justin Knipple, Janel McLean, Mike McGowan, and I participated in a conference call, in which no remedy was provided, and my employer simply stated that that's how it is. I was even refused reimbursement for the funds Bergelectric had taken from my earnings for health insurance, for months in which I was not covered by any insurance, prior to my eligibility for benefits enrollment. They refused to honor the terms of my employment which were $43.83/hr to my paycheck, and $19.21/hr into my 401K, in spite of my pointing out that refusal to do so was a material breach of contract.

## Second Claim

Violations of the Americans with Disabilities Act of 1990, as amended, Title VII of Civil Rights Act of 1964, as amended, 42 USC section 2000e, 42 USC 1981, Rehabilitation Act of 1973 section 501-503, 29 CFR 1614, 1615, 1630 by Janel McLean, Katrina Jimenez, Bergelectric Corp.

1. On December 8, 2020 and December 15, 2020, I requested ADA accommodations. On

December 17, 2020 accommodations were denied by Katrina Jimenez before even an opportunity for an interactive process, and instead directed me to take FMLA. On January 12, 2021 Janel McLean refused to conduct an interactive process via email, stopped all dialog, and refused to provide accommodations once more.

<u>Prima facie was established</u>

1. Plantiff has multi disc degeneration and his superior Nathan Westmoreland was made aware.
2. Accommodations were denied by Katrina Jimenez.
3. The causal link is that Plaintiff asked 2 HR Managers for accommodations on December 8th and 15th 2020, before being denied on December 17th, 2020.

### Third Claim

Violations of FMLA of 1993 as amended, ADA of 1990 as amended, 42 USC 12101 - 12131, CFR 1630.1 - CFR 1630.16 and 1630.1641 (2), Title VII of the Civil Rights Act of 1964 as amended, 42 USB 2000e by Mike McGowan, Justin Knipple.

1. I was General Foreman and Quality Control for Bergelectric at Nellis AFB Hospital modernization project, executing the duties for each of the two independent jobs, concurrently. On December 17th, 2020, Katrina Jimenez, HR Manager, denied ADA accommodations and steered me to FMLA as my only option, saying that Bergelectric will not approve a return to work until the treating doctor releases me to full unrestricted duties, making clear that no restriction accommodations will be made.

2. After accommodations were denied for the second time by Janel McLean, HR Manager, I emailed my direct supervisor, Nathan Westmoreland, and copied Mike McGowan, General Superintendent, stating my dissatisfaction and concerns regarding how Bergelectric was handling my request for accommodation.

3. February 22nd, 2021, Bergelectric received doctor's releases authorizing return to full unrestricted duties from FMLA. Mike McGowan scheduled an in-person meeting for February 25th. The attendees were: Justin Kniple, VP, Jan Valencia, HR, David Frank, OM, and Mike McGowan, GS, where I found out that I had suffered a demotion to an entry-level position with a pay-cut of 33%, transferred off base, and stripped of company benefits such as my work issued vehicle and gas card, which they requested returned.

Plaintiff has established a prima facie of Retaliation and FMLA violation:

1. Plaintiff was engaged in a protected activity, in requesting ADA accommodations, and complained when I was denied accommodations
2. I suffered and adverse employment action when ADA accommodations were denied, was subsequently demoted, transferred, got my pay slashed, and perks stripped
3. There was a causal connection, on my last day I worked prior to asking for ADA accommodations, I was in a supervisory capacity as General Foreman, and Quality Control, with a salary of $66/hr, had a company vehicle and gas card.
4. First day return to work after making an ADA accommodation request, I'm in an entry-level, highly demanding physically, my pay dropped to $42/hr, transferred and lost access to the vehicle and gas card.

### Fourth Claim

Violations of ADEA of 1967, 29 USC 621-634, 59 CFR 1625-27, Age Discrimination Act of 1967 by Nathan Westmoreland, Mike McGowan, and Justing Kniple.

1. I was serving Bergelectric as General Foreman and Quality Control at the Nellis AFB Hospital Modernization project carrying out two separate sets of responsibilities, when on December 2020, my request for ADA accommodations was denied, and I was steered to take FMLA as my only option, Mike McGowan and Justin Kniple made the decision to replace me with two individuals, Alfredo Murua, age 45, as general foreman, and Denise Lealao, age 41, as quality control. I was

serving Bergelectric as General Foreman and Quality Control at the Nellis AFB Hospital Modernization project and I would have been able to continue to do so successfully, wereaccommodations granted. The accommodations did not interfere with my duties.

2. Nevertheless, on February 2021, when I was medically cleared to return to work with no restrictions as demanded by Bergelectric, but Mike McGowan refuses to reinstate me to my old position as general foreman and quality control, instead I was demoted to an entry-level position, transferred, pay cut 33%, and stripped of access to the company vehicle and gas card.

3. At no point was my performance record anything but stellar, filled with notes, emails commending successful handling of complex matters, executional efficiency from direct supervisor, as well as the general contractor. Not a single derogatory mark related to performance, or any other matter, no write-up, no disciplinary actions, no corrective actions, and even a $3/hr raise based on "merit", as stated in the pay raise memo, leaves no doubt that the action taken by Mike McGowan was age discrimination.

4. I, the Plaintiff, am a 63 years old, licensed master electrician with over 30 years of documented track record of experience in the field, conducting the successful completion of several multi-million dollar projects from start to finish, holding an OSHA 30 and several other related trade certifications, focusing on safety, code compliance, innovation, mentoring, productivity, planning, and coordinating.

5. I was replaced as general foreman by a 45 year old male, with no electrical license, a fraction of my experience, the second post I was replaced at, quality control, was assigned to a 41 year old female, also with no electrical license and even less experience. As can be appreciated these two individuals are respectively 18 and 22 years younger than me and possess far less expertise and experience.

Plantiff has established a prima facie case of age discrimination under the AEDA:

1. I, the Plaintiff, was a member of the protected age-related class (40-70 years),
2. I was performing my duties at at a level of excellence with written commendations, so beyond just a satisfactory manner,
3. I was demoted,
4. I was then replaced by a substantially (18 and 22, year) younger pair of employees of indisputably inferior qualifications by any metric.

### Fifth Claim

Violation of National Origin Discrimination Tittle VII of the Civil Rights Act of 1964 as amended, by Nathan Westmoreland, Mike McGowan, James Harrison.

1. The Statement of Position submitted by the Defendant to the EEOC was crafted based on a web of falsehoods, with the clear intention to overwhelm the investigator, and was successful in that forums, where evidence did not receive appropriate scrutiny. The strategies of the Defense were being orchestrated long before I filed a complaint with the EEOC, forming a conspiracy to elude responsibility by fabricating an entirely unsupported allegation of poor performance. Presenting misleading and altered documents, creating narrative to fit gaps, and attaching notes on how a piece of evidence that does not explicitly stated something, should be interpreted, all to guide the reader to draw a favorable conclusion.

2. The period in which the Defendant alleged poor performance expands July 30, 2020, to November 12, 2020, presenting altered documents to make it look like the general contractor was requesting my removal, and Bergelectric was trying to comply with the alleged request, according to the, actively looking for replacements for 3 months, coincidentally during the same period, and well beyond, my documentary evidence proves the contrary.

3. The facts are the persistent harassment I endured from verbal statements to physical intimidation from subordinates, that cannot be overlooked, creating a hostile work environment. Soon after my request to stop deducting unauthorized amounts from my pay for entities and benefits that have never been to my benefit, I was approached by my immediate supervisor, Nathan Westmoreland, who asked me to drop the wage deduction subject and not discuss it with other employees, telling me I was "pissing off the wrong people", calling me names like "Che" Guevara, Evita Peron, an arrogant Argentinian, even making fun of, mocking, my accent in front of others, including subordinates. He then worked to stall and sabotage my progress on duties, by giving contradicting orders to my teams, changing requests mid-way or post-completion of tasks, and purposely delaying critical dependencies. Threatened when overtime is needed to complete late orders, and directed to work off the clock. Even as of today, JE Dunn is in support of my performance.

<u>Plaintiff has established the prima facie for national origin discrimination:</u>

1. I belong to a protected class; Argentine,
2. I was qualified for the position, holding an active master electrical license
3. I was replaced by two less qualified individuals,
4. Both of whom are of national origin other than Argentine

## DEMAND FOR RELIEF

For violations under ADA, National Origin, and retaliation: back pay, front pay, loss of benefits, compensatory damages, attorney's fee, court costs. For violation under ADA and retaliation: punitive damages and expert witness costs. Under AEDA: back pay, front pay, liquidated damages, loss of benefits and attorneys fees. Under FMLA: back pay, lost of benefits, liquidated damages, front pay, attorney's fees. Under DBA and Copelands Acts, to the fullest extent the law allows including, but not limited to, liquidated damages

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues.

Respectfully submitted,

Dated: 01/23/2023

Jorge E. Ordonez Maluf