**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| Jorge E. Ordonez Maluf,<br><br>        Plaintiff,<br><br>vs.<br><br>Bergelectric Corp, et al.,<br><br>        Defendant. | Case No. 2:23-cv-00115-CDS-VCF<br><br>**Report and Recommendation**<br><br>**And**<br><br>**Order**<br><br>MOTION FOR ATTORNEY REPRESENTATION (ECF NO. 7); AMENDED COMPLAINT (ECF NO. 8) |

      I previously screened and dismissed pro se plaintiff Jorge E. Ordonez Maluf's claims for violations of (1) the Davis-Bacon Act of 1931; (2) the Copeland Act of 1934; and (3) the Rehabilitation Act of 1973 without prejudice. ECF No. 5. Plaintiff has now filed an amended complaint and a motion for appointment of counsel. ECF Nos. 7 and 8.  I recommend that plaintiff's claims for violations of the (1) Davis-Bacon Act of 1931 and the Copeland Act of 1934; (2) the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791 et seq. claims be dismissed. ECF No. 7. I order that plaintiff's claims for (1) discrimination based on having a disability in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq. (1990); (2) race and national origin discrimination in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981; (3) retaliation in violation of the Family Medical Leave Act per 29 U.S.C. § 2614(a); and  (4) the Age Discrimination in Employment Act of 1967, 29

U.S.C. §§ 621-634 (ADEA) may proceed. I order that plaintiff's motion for attorney representation is denied. ECF No. 7. I also sua sponte stay this case, pending Judge Silva's decision on my report and recommendation.

### I.     Whether Maluf's Amended Complaint States a Plausible Claim

#### a.     Legal Standard

I review the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6), "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

#### b.     Amended Complaint

Plaintiff alleges that he is a licensed master electrician. ECF No. 8 at 2. He alleges that he served as the general foreman for defendant at the Bergelectric at Nellis AFB, Hospital modernization project.

*Id.* Plaintiff brings multiple claims[1] against defendant Bergelectric for violation of the (1) Davis-Bacon Act of 1931 and the Copeland Act of 1934; (2) discrimination based on having a disability in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq. (1990) and the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791 et seq.; (3) Retaliation in violation of the Family Medical Leave Act per 29 U.S.C. § 2614(a); (4) the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634 (ADEA); and (5) race and national origin discrimination in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. Plaintiff alleges that this court has federal question jurisdiction over this case. Plaintiff has plausibly alleged that this court has jurisdiction over his case.

### 1. Violation of the Davis-Bacon Act of 1931

The Davis-Bacon Act of 1931 ("DBA") requires contractors and subcontractors working on federally funded jobs to pay their laborers wages and benefits no less than what others locally pay their workers for similar projects. See 40 U.S.C. § 3144. The thrust of the allegations in the complaint is that the defendant failed to properly classify plaintiff by his skilled trade and pay him in accordance with the requirements of the Davis-Bacon Act — essentially, a claim for back wages.

There is a circuit split regarding whether the DBA creates a private cause of action directly to employees. The Ninth Circuit has noted that, "[t]he Davis-Bacon Act was intended as a 'general prohibition or command to a federal agency' to require minimum wage stipulations for federal government work contracts; it does not grant a private cause of action directly to employees." *Operating*

---

[1] In my previous screening order, I noted that plaintiff's claims are jumbled throughout his complaint: for example, he lists violations of two different laws (The Davis-Bacon Act and the Copeland Act) as "Claim One" and he does the same with the rest of the claims. Many of plaintiff's claims are buried in the complaint, which made this complaint difficult to screen. In my order I stated that, "[i]f plaintiff amends, he must list out each individual claim. For example, Violation of the Davis-Bacon Act would be "Claim One" and the Copeland Act would be "Claim Two" and so on." Plaintiff did not follow my instructions in the amended complaint. This makes plaintiff's amended complaint difficult to screen. I will, however, refer to the laws that he cites together in this screening order for ease of reference.

*Eng'rs Health & Welfare Tr. Fund v. JWJ Contracting Co*., 135 F.3d 671, 676 (9th Cir. 1998), citing to *Rapid Transit Advocates, Inc. v. Southern California Rapid Transit Dist*., 752 F.2d 373, 376 (9th Cir. 1985) (quoting *Universities Research Ass'n, Inc. v. Coutu*, 450 U.S. 754, 772, 67 L. Ed. 2d 662, 101 S. Ct. 1451 (1981)). The burden of establishing subject matter jurisdiction is borne by plaintiff. Since federal courts are courts of limited jurisdiction, the court must presume lack of jurisdiction until plaintiffs prove otherwise, since it is plaintiffs who are invoking federal jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994).

At least one district court within the Ninth Circuit has noted that the *Operating* case is not an absolute bar for employees being able to bring a private right of action, noting:

> Should workers find that insufficient funds were withheld by the United States to satisfy Davis-Bacon Act claims, a remedy nonetheless must exist for those workers in order to achieve Congressional intent that workers on federal projects be paid prevailing wages. I find that plaintiffs have a private right of action that is contained within Section 3 of the Davis Bacon Act, codified at 40 U.S.C. § 276a-2(b). Section 3 allows what appears to be a Miller Act action against a contractor and his surety "if the accrued payments withheld under the terms of the contract...are insufficient to reimburse" the workers found to have been underpaid.

*United States ex rel. Favel v. St. Paul Fire & Marine Ins. Co*., No. CV-99-60-RFC-GF, 2001 U.S. Dist. LEXIS 26842, at 6 (D. Mont. Feb. 1, 2001), citing to *Peatross v. Global Associates*, 849 F.Supp. 746 (D.Hawaii, 1994).

The Montana District court noted that, "a Miller Act action exists within the structure of the Davis-Bacon Act. There is no dispute that this Court has jurisdiction over Miller Act claims, which provides that 'every person who has furnished labor or material in the prosecution of work ... shall have

the right to sue on such payment bond for the amount, or the balance thereof, unpaid at the time of suit.'" *St. Paul Fire & Marine Ins. Co*., No. CV-99-60-RFC-GF, 2001 U.S. Dist. LEXIS 26842 at 3, citing to the Miller Act, 40 U.S.C. § 270(b). In the Montana District court case, the court stayed the case so that the Department of Labor could first make its determination on the Davis-Bacon Act claims. *St. Paul Fire & Marine Ins. Co.*, No. CV-99-60-RFC-GF, 2001 U.S. Dist. LEXIS 26842 at 3, citing to 29 C.F.R. § 5.5, (disputes over classifications and payment "shall be resolved in accordance with the procedures of the Department of Labor.") and 29 C.F.R. § 5.13 (all questions regarding classification and disputes over rates of pay "shall be referred to the Administrator for appropriate ruling or interpretation.")

At this screening stage, given that plaintiff is pro se and I must interpret his complaint liberally, I review the question of whether plaintiff has stated a plausible DBA claim. Plaintiff does allege that the Department of Labor confirmed that a portion of his wage was being diverted. ECF No. 8 at 3. Plaintiff also alleges that he worked on a federal project. There is sparse case law on DBA claims given that the Ninth Circuit has found that the DBA does not generally grant a private cause of action directly to employees. Plaintiff's allegations also do not appear to fall within the possible Miller Act exception articulated by the Montana District court, at least not based on the allegations plaintiff presented in this amended complaint. Plaintiff has not included any additional details to bolster this claim in his amended complaint. Plaintiff's DBA claim is not plausible pursuant to Rule 8. I recommend that this claim be dismissed.

### 2.  Violation of the Copeland Act

The Copeland Act, also known as the "Anti-Kickback" Act is a criminal statute that applies to contractors and subcontractors that perform work on contracts for the construction, prosecution, repair, or completion of public buildings, public works, or works which are financed in whole or in part by

5

loans or grants from the United States. See 18 USC §874. This is a civil case, so plaintiff can not bring a civil claim pursuant to a criminal statute. I recommend that plaintiff's Copeland Act claim be dismissed.

### 3.  Violations of the Americans with Disabilities Act of 1990

To prove a prima facie claim under the ADA, 42 U.S.C. §§ 12101 et seq., a plaintiff must show that (a) he is disabled under the meaning of the ADA (this includes being "regarded as" disabled; (b) he is qualified to perform the essential functions of her position with or without a reasonable accommodation; and (c) he suffered an adverse action because of her disability. See *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973).

Plaintiff alleges that he is disabled because he has multi-disc degeneration. ECF No. 8. He alleges that he is a qualified electrician who is qualified to perform his work with accommodations. *Id.* He alleges that he asked his supervisor for ADA accommodations. *Id.* Plaintiff alleges that his employer refused to give him accommodations and directed him to take FMLA leave instead. *Id.* Plaintiff has stated a plausible ADA violation, and this claim may proceed.

### 4.  The Rehabilitation Act of 1973

Section 503 of the Rehabilitation Act of 1973, 29 U.S.C. § 793 places obligations on federal contractors to take affirmative action to employ handicapped persons. Congress did not create an express private right of action under Section 503, see *D'Amato v. Wisconsin Gas Co*., 760 F.2d 1474 (7th Cir. 1985); *Hodges v. Atchison, T. & S.F. Ry. Co*., 728 F.2d 414 (10th Cir.), cert. denied, 105 S. Ct. 97 (1984), and the Ninth Circuit has held that there is no implied private right of action under this section. See *Fisher v. City of Tucson*, 663 F.2d 861 (9th Cir. 1981), cert. denied, 103 S. Ct. 178 (1982).

Plaintiff does not cite to which section of the Rehabilitation Act he wishes to bring a claim under, but reading his complaint liberally, he apparently seeks to state a private right of action under Section 503. Plaintiff has not plausibly alleged that he can bring a claim under the rehabilitation act. I

6

dismiss this claim.

## 5. Race and national origin discrimination in violation of Title VII of the Civil Rights Act of 1964

Title VII of the Civil rights act makes it "an unlawful employment practice for an employer to…discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race [or] color." 42 U.S.C. § 2000e-2(a)(1). "Title VII specifically requires a federal employee to exhaust his administrative remedies as a precondition to filing suit." *Vinieratos v. United States*, 939 F.2d 762, 768-69 (9th Cir. 1991). To establish a prima facie case for discrimination, a plaintiff must demonstrate that: (1) he belonged to a protected class; (2) he was qualified for his job; (3) he was subjected to an adverse employment action; and (4) similarly situated employees not in his protected class received more favorable treatment." *Anthoine v. N. Cent. Ctys. Consortium*, 605 F.3d 740, 753 (9th Cir. 2010).

Plaintiff alleges that he filed an EEOC complaint and he attached his official notice from the EEOC. ECF No. 8. Plaintiff alleges in his amended complaint that he belonged to a protected class because he is Latin American from Argentina. He alleges that he was qualified for his job as an electrician. He alleges that his employer made jokes about him being from Argentina and frequently compared him to Che Guevara and Evita Peron. He alleges that his manager mocked his accent in front of his colleagues. He alleges that he was replaced by individuals who were less qualified and were not Argentine. Plaintiff has stated a plausible claim at this stage for racial discrimination in violation of Title VII.

## 6. Retaliation in Violation of Family Medical Leave Act

Pursuant to the Family Medical Leave Act ("FMLA"), an employee "shall be entitled to a total of 12 workweeks of leave during any 12-month period because of a serious health condition that makes the

7

employee unable to perform the functions of the positions of such employee." 29 U.S.C. § 2612(a)(1)(D). The FMLA prohibits an employer from interfering with, restraining, or denying an employee's exercise of or attempt to exercise any right provided under the FMLA statute. *Bachelder v. Am. West Airlines, Inc.*, 259 F.3d 1112, 1122 (9th Cir. 2001). To establish a prima facie case of interference under the FMLA, the plaintiff must show: (1) he was eligible for the FMLA's protections; (2) his employer was covered by the FMLA; (3) he provided sufficient notice of his intent to take leave pursuant to the FMLA; (4) he was entitled to FMLA leave; and, (5) his employer denied him FMLA benefits to which he was entitled. *Sanders v. City of Newport*, 657 F.3d 772, 778 (9th Cir. 2011).

Under the FMLA, it is unlawful "for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." 29 U.S.C. § 2615(a)(2). To establish a prima facie case of retaliation under § 2615(a)(2), Plaintiff must establish: (1) he engaged in a protected activity under the FMLA; (2) he suffered some adverse employment action by the employer following the protected activity; and (3) the adverse employment action was causally linked to the protected activity. See *Douglas v. Dreamdealers USA, LLC*, 416 F. Supp. 3d 1063, 1075 (D. Nev. 2019).

Plaintiff alleges that he requested FMLA leave and that his employer allowed him to take FMLA leave. Plaintiff alleges, however, that when he returned to work after his FMLA leave, he was demoted to an off-base worksite earning less pay. ECF No. 8. Plaintiff also alleges that after he complained he got demoted, transferred, he had his pay cut, and his perks stripped. He specifically alleges that when he started at the company, he was a General Foreman, with a salary of $66 per hour, and he had a company vehicle with a gas card. *Id.* He alleges that he was demoted to an entry-level, physically highly demanding position, his pay dropped to $42 per hour, he was transferred, and he lost access to the

vehicle and gas card. *Id.* Construing plaintiff's amended complaint liberally as a pro se litigant, plaintiff has plausibly alleged that his employer retaliated against him in violation of the FMLA.

### 7. Violations of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634 (ADEA)

The Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 623, provides, "[i]t shall be unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). 29 U.S.C. § 626 provides that "[a]ny person aggrieved may bring a civil action in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter. 29 U.S.C. § 626(c)(1). "In order to establish a prima facie case of [age] discrimination, a plaintiff must show (1) that he belongs to a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably." *Leong v. Potter*, 347 F.3d 1117, 1124 (9th Cir. 2003).

Plaintiff alleges that he is 63 years old, and a licensed master electrician with over 30 years of experience in the field. ECF No. 8. He alleges that his employer demoted him after he took FMLA leave and after he asked for accommodations. He alleges that his employer replaced him with someone 22 years younger than him with no electrical license and a fraction of his experience. Plaintiff has plausibly alleged age discrimination for the purposes of screening at this stage.

### c.      Motion for Appointment of Counsel

Plaintiff also filed a motion for appointment of counsel. ECF No. 7. He argues that his case is complex, that he cannot afford an attorney, and that he has attempted to obtain representation from many employment attorneys but that none of them have taken his case. *Id.* The court will appoint counsel for

indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

Employment law is an area of law that many attorneys will take on a contingency basis if it appears that the case has merit. Although some attorneys have not taken plaintiff's case yet, that does not mean that another employment attorney will not take plaintiff's case. At this screening stage, it is unclear if plaintiff has a likelihood of success on the merits. Plaintiff has, however, shown an ability to articulate his claims in light of the complexity of the legal issues involved, since many of his claims have passed screening. I find that there are no exceptional circumstances at this stage of the litigation. I thus deny plaintiff's motion for an appointment of counsel at this stage in the proceedings.

ACCORDINGLY,

I RECOMMEND that Maluf's claims for violations of (1) the Davis-Bacon Act of 1931; (2) the Copeland Act of 1934; and (3) the Rehabilitation Act of 1973 (ECF No. 8) be DISMISSED.

I ORDER that plaintiff's complaint may only proceed on his claims for (1) discrimination based on having a disability in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq. (1990); (2) race and national origin discrimination in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981; (3) retaliation in violation of the Family Medical Leave Act per 29 U.S.C. § 2614(a); and  (4) the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634 (ADEA)

I FURTHER ORDER that plaintiff's motion for appointment of counsel (ECF No. 7) is DENIED.

I FURTHER ORDER that this case is STAYED pending further order from this Court.

I FURTHER ORDER the Clerk of the Court is directed NOT to issue summons on the instant complaint pending further order from this Court.

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 30th day of March 2023.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE