Gregg A. Hubley, Esq.
Nevada Bar No. 7386
Christopher A.J. Swift, Esq.
Nevada Bar No. 11291
**ARIAS SANGUINETTI WANG & TORRIJOS, LLP**
7201 W. Lake Mead Blvd., Suite 570
Las Vegas, NV 89128
Telephone: 702-789-7529
Email: gregg@aswtlawyers.com
    christopher@aswtlawyers.com .

Adam N. Bouayad, Esq. (*Pro Hac Vice Pending*)
California Bar No. 248087
**WOLFLICK, KHACHATURIAN & BOUAYAD, APC**
130 North Brand Boulevard, Suite 410
Glendale, California 91203
Telephone:    818-243-8300
Email: adam@wolfsim.com

Attorneys for Defendant,
BERGELECTRIC, CORP.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JORGE E. ORDONEZ MALUF<br><br>          Plaintiff,<br><br>     v.<br><br>BERGELECTRIC CORP.,<br><br>          Defendants. | Case Number: 2:23-cv-00115-CDS-VCF<br><br>**DEFENDANT BERGELECTRIC, CORP.'S ANSWER TO FIRST AMENDED COMPLAINT** |

   Defendant BERGELECTRIC, CORP. hereby files its Answer to Plaintiff MELVIN K JONES' ("Plaintiff") Complaint alleging the violation of his rights under the Americans With Disabilities Act (ADA), 42 U.S.C. §12101; Title VII of the Civil Rights Act of 1945 and 42 U.S.C. §1981; the Family Medical Leave Act, 29 U.S.C §2614(a); and The Age Discrimination in Employment Act (ADEA), 29

U.S.C. §§612-634.

Defendant denies all allegations in the Complaint, whether express or implied, that are not specifically admitted below. Defendant further denies that Plaintiff is entitled to the relief requested in the Complaint, or to any other relief whatsoever.

## JURISDICTION AND VENUE

1. Defendant admits that this court has jurisdiction over this matter; however, Defendant denies Plaintiff is entitled or authorized to any declaratory or injunctive relief.

2. Defendant admits that venue lies in the District of Nevada, Southern Division; however, to the extent that this paragraph contains any allegations against the Defendant, said allegations are denied.

3. Defendant denies the allegations in Paragraph 3 and its subparts A., B. and C.

## PARTIES

4. While Defendant admits Plaintiff worked for it; however, it is without knowledge or information sufficient to form a belief as to whether Plaintiff resides in Las Vegas, Nevada.

5. Admitted.

## STATEMENT OF FACTS

6. Defendant admits Plaintiff worked for Defendant until his immediate resignation, which tendered on October 18, 2021; and denies the remaining allegations.

7. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph No. 7 of Plaintiff's Complaint, and, therefore, denies the allegations contained therein.

8. Defendant admits Plaintiff was 63 years old at the time he resigned from his employment at Bergelectric; however, it is without sufficient information to admit or deny the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint, and, therefore, denies those remaining allegations.

9. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph No. 8 of Plaintiff's Complaint, and, therefore, denies the allegations contained therein.

10. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph No. 10 of Plaintiff's Complaint, and, therefore, denies the allegations contained therein.

11.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph No. 11 of Plaintiff's Complaint, and, therefore, denies the allegations contained therein.

12.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph No. 12 of Plaintiff's Complaint, and, therefore, denies the allegations contained therein.

13.     Defendant denies the allegations in Paragraph 13.

14.     Defendant denies the allegations in Paragraph 14.

15.     Defendant admits that on January 12, 2021, Janet Mclean reached out to Plaintiff to discuss his FMLA leave of absence; and denies the remaining allegations of Paragraph No. 15.

16.     Defendant denies the allegations in Paragraph 16.

17.     Defendant denies the allegations in Paragraph 17.

18.     Defendant admits that Alfredo Murua, age forty-five, and Denise Lealo, age forty-one, assumed the General Foreman and Quality Control roles, respectively, on the Nellis Air Force Base project after Plaintiff's removal from said project; and denies the remaining allegations in Paragraph 18.

19.     Defendant denies the allegations in Paragraph 19.

20.     Defendant denies that Plaintiff was subject to harassment; and is without sufficient information to admit or deny the remaining allegations contained in Paragraph 20, and, therefore, denies the remaining allegations contained therein.

21.     Defendant denies the allegations in Paragraph 21.

22.     Defendant denies the allegations in Paragraph 22.

23.     Defendant denies the allegations in Paragraph 23.

24.     Defendant denies the allegations in Paragraph 24.

25.     Defendant admits Plaintiff resigned on October 18, 2021; and denies the remaining allegations in Paragraph 25.

/ / /

/ / /

/ / /

/ / /

**FIRST CLAIM FOR RELIEF**

26. Defendant denies the allegations in Paragraph 26; and said allegations are not applicable as Plaintiff's claims for 40 U.S.C. §3142 (the Davis-Bacon Act) and 18 U.S.C. §874 (the Copeland Act if 1934) have been ordered dismissed by the Court.

27. Defendant denies the allegations in Paragraph 27; and said allegations are not applicable as Plaintiff's claims for 40 U.S.C. §3142 (the Davis-Bacon Act) and 18 U.S.C. §874 (the Copeland Act if 1934) have been ordered dismissed by the Court.

28. Defendant denies the allegations in Paragraph 28; and said allegations are not applicable as Plaintiff's claims for 40 U.S.C. §3142 (the Davis-Bacon Act) and 18 U.S.C. §874 (the Copeland Act if 1934) have been ordered dismissed by the Court.

29. Defendant denies the allegations in Paragraph 29; and said allegations are not applicable as Plaintiff's claims for 40 U.S.C. §3142 (the Davis-Bacon Act) and 18 U.S.C. §874 (the Copeland Act if 1934) have been ordered dismissed by the Court.

**SECOND CLAIM FOR RELIEF**

30. Defendant admits the Americans with Disabilities Act requires employers to provide a reasonable accommodation for disabled employees; and is without sufficient information to admit or deny the remaining allegations contained in Paragraph 30, and, therefore, denies the remaining allegations contained therein. Further, Defendant's 29 U.S.C. §794(a) (Rehabilitation Act) claim alleged in Paragraph 30 is not applicable as it has been ordered dismissed by the Court.

31. Defendant denies the allegations in Paragraph 31.

32. Defendant denies the allegations in Paragraph 32.

33. Defendant denies the allegations in Paragraph 33.

**THIRD CLAIM FOR RELIEF**

34. Defendant denies the allegations in Paragraph 34.

35. Defendant denies the allegations in Paragraph 35.

36. Defendant denies the allegations in Paragraph 36.

37. Defendant denies the allegations in Paragraph 37.

/ / /

### FOURTH CLAIM FOR RELIEF

38. Defendant denies the allegations in Paragraph 38.

39. Defendant denies the allegations in Paragraph 39.

### FIFTH CLAIM FOR RELIEF

40. Defendant denies the allegations in Paragraph 40.

41. Defendant denies the allegations in Paragraph 41.

42. Defendant denies the allegations in Paragraph 41.

### RELIEF

Defendant incorporates by reference all preceding paragraphs of this Answer as if fully set forth herein. Defendant denies it is liable to Plaintiff for any wrongdoing or that Plaintiff is entitled to any of the relief requested in her prayer for relief following Paragraph 42 of Plaintiff's Complaint, and respectfully request this Court enter judgement in favor of Bergelectric, dismiss Plaintiff's claims with prejudice, and tax all court costs against Plaintiff.

### AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), and without altering any applicable burdens of proof, Defendant asserts the following defenses to the Complaint and reserves its right to assert additional defenses:

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action alleged therein, is barred in whole or in part for failure to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action alleged therein, is barred in whole or in part by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action alleged therein, is barred in whole or in part by Plaintiff's failure to mitigate his damages.

/ / /

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff is estopped by his conduct from recovering anything on this Complaint, or any cause of action alleged therein, against Defendant.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff has or had unclean hands with respect to the matters alleged in the Complaint and on those grounds is barred from recovering any relief on the Complaint, or any purported cause of action alleged therein.

**SIXTH AFFIRMATIVE DEFENSE**

The Complaint, and each and every cause of action alleged therein, is barred in whole or in part Plaintiff's failure to fulfill and/or exhaust conditions precedent to any such recovery.

**SEVENTH AFFIRMATIVE DEFENSE**

The Complaint, and each and every cause of action alleged therein, is barred in whole or in part by Plaintiff's failure to exhaust administrative remedies and properly prefect a right of action under Title VII, FMLA, ADA and/or the ADEA.

**EIGHTH AFFIRMATIVE DEFENSE**

Any recovery on the Complaint, or any purported cause of action alleged therein , is untimely and barred by the doctrine of laches.

**NINTH AFFIRMATIVE DEFENSE**

Defendant has been required to retain counsel to defend this action, and, upon prevailing herein, Defendant is and will be entitled to recover from Plaintiff its costs of suit and/or attorney's fees, to the fullest extent allowed by law.

**TENTH AFFIRMATIVE DEFENSE**

Any recovery on Plaintiff's Complaint, or any purported cause of action therein, is barred because this Court lacks jurisdiction over such claims.

**ELEVENTH AFFIRMATIVE DEFENSE**

Any and all conduct which Plaintiff complains and which is attributed to Defendant or its agents or employees was a just and proper exercise of management's discretion on the part of Defendant or its agents or employees and was undertaken for a fair and honest reason and regulated by good faith and

probable cause under the circumstance existing at the time the employment decisions were made relative to Plaintiff's employment.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each and every cause of action alleged therein, is barred in whole or in part on Plaintiff's failure to timely file his Complaint within 90 days of receiving notice from the EEOC regarding his right to sue.

### THIRTEENTH AFFIRMATIVE DEFENSE

There exists after-acquired evidence of wrongdoing by Plaintiff which now bars his claims and/or limits the relief available to him.

### FOURTEENTH AFFIRMATIVE DEFENSE

Any recovery against Defendant for punitive damages is barred in whole, or in part, by the governing provisions of the United States and California Constitutions.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that the alleged injuries suffered by Plaintiff was not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and or tolerated by Defendant.

### SIXTEENTH AFFIRMATIVE DEFENSE

By his conduct, Plaintiff has waived any right to recover, in whole or in part, on his Complaint, or any cause of action alleged therein.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant reserves all other possible defenses and the right to liberally amend this Answer to assert same as such other possible defenses are ascertained and as such matters can be brought to the attention of the Court, to the fullest extent allowed under the law.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

WHEREFORE, Defendant Bergelectric Corp prays as follows:

1. That Plaintiff take nothing by his Complaint;
2. That Defendant recovers its costs of suit herein;
3. That Defendant recover its reasonable attorneys' fees uncured in defending this matter; and
4. That the Court award such other and further relief as it deems just and proper.

Dated: June 29, 2023

**ARIAS SANGUINETTI WANG & TORRIJOS, LLP**

/s/ *Christopher A.J. Swift*
Gregg A. Hubley, Esq.
Christopher A.J. Swift, Esq.

**WOLFLICK, KHACHATURIAN & BOUAYAD, APC**

Adam N. Bouayad, Esq. (*Pro Hac Vice Pending*)

Attorneys for Defendant,
BERGELECTRIC, CORP.

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Arias Sanguinetti Wang & Torrijos, LLP and that on this 29th day of June, 2023, I caused to be sent via this Court's ECF Filing, a true and correct copy of the above and foregoing **DEFENDANT BERGELECTRIC, CORP.'S ANSWER TO FIRST AMENDED COMPLAINT** to the following:

Jorge E. Ordonez Maluf
malufjorge@yahoo.com
4952 South Rainbow Blvd., #365
Las Vegas, Nevada 89118

                                               /s/ Christopher A.J. Swift
                                              An Employee of **ARIAS SANGUINETTI WANG & TORRIJOS, LLP**