# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Jorge E. Ordonez Maluf,<br><br>          Plaintiff(s),<br><br>vs.<br><br>Bergelectric Corp.,<br><br>          Defendant(s). | 2:23-cv-00115-CDS-MDC<br><br>**Order** |

The Court received the following email that purports to be from the Court Reporter of plaintiff's deposition:

```
From: Georgene Withrow, RPR <georgenewithrowrpr@gmail.com>
Sent: Monday, August 12, 2024 8:32 AM
To: Court_MDC <Court_MDC@nvd.uscourts.gov>
Subject: Maluf V Bergelectric

CAUTION - EXTERNAL:

Dear Sir,

My name is Georgene Withrow.  I was the court reporter for the
deposition of Jorge Ordonez Maluf & was subpoenaed to testify for
a hearing in your courtroom last week, August 8 (Maluf V
Bergelectric).  I specifically remember you telling the plaintiff
that you did not need to hear from me.

The next day, Aug 9th, the plaintiff's son showed up at my door
again.  He said he wanted to talk to me, I told him I didn't want
to be involved, that the judge specifically said I did not need to
testify.  He stated that they think my testimony is too important
& want it on the record. It was as if they totally ignored
everything you said. He then pulled out another witness fee check
& subpoena.

I refused the subpoena, I don't know that I should've done that,
but I don't know what to do at this point. I sure don't want to
put my job in jeopardy over this either.  I can't keep taking time
off of work over this.  I work 60-hour work weeks, I am helping to
raise my two grandsons.  This has upset my home.

The first time they subpoenaed me, the son told me he went through
my facebook page! I know it's public, but I can't help but feel
violated.  These are complete strangers.  Why would they need to
go through my social media pages? I did a job & I went
home.  That's it, that's the extent of my involvement.  I've been
a reporter for over 25 years & I've never had to deal with
this.  It's starting to feel like harassment & quite honestly
creepy.  I found myself walking around my home that night checking
my doors & windows. I should not have to feel this way over a
deposition that I barely remember from three months ago.
```

```
I did ask him the date of the subpoena & he told me "the 20th."  I
am scheduled for an all-day deposition on August 20th & can't take
that off, but I'm not even sure of the month.  I just don't know
what to do.

Am I obligated to keep coming to these hearings?  What are my
rights?

Thank you for your time.

Georgene Withrow, NV CCR, RPR
```

While the allegations are concerning, the Court cannot act on such *ex parte* communication. Any requests for judicial relief or other Court action must be filed on the record and served on all affected parties. That said, plaintiff is cautioned that such conduct, if true and continued, will subject the plaintiff to considerable sanctions, including dismissal of his claims.

ACCORDINGLY,

**IT IS ORDERED that:**

1. The Clerk of Court is directed to please mail a copy of this order to plaintiff at plaintiff's address of record:

    Jorge E. Ordonez Maluf
    4952 S Rainbow Blvd #366
    Las Vegas, NV 89118
    310-343-0037

2. Defendant is directed to please mail a copy of this order to Court Reporter, Georgene Withrow.

Dated:  August 13, 2024

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.