UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Jorge E. Ordonez Maluf,<br><br>    Plaintiff<br><br>v.<br><br>Bergelectric Corp.,<br><br>    Defendant | Case No.: 2:23-cv-00115-CDS-MDC<br><br>**Order Granting in Part and Deferring in Part Plaintiff's Emergency Motion**<br><br>[ECF No. 70] |

Plaintiff Jorge Maluf filed an "emergency motion for stay of order ECF No. 66 and request for review by district judge [his] objections to orders ECF Nos. 66, 67, and related filings." ECF No. 70. Because the court construes this motion as an appeal of Magistrate Judge Couvillier's orders, the motion to stay is granted in part and deferred in part. Having reviewed the motion, I do not find a basis to resolve it in an expedited fashion, therefore Maluf's objections will be briefed and decided in the normal course.

The filing of emergency motions is disfavored and should be confined to "the most limited circumstances." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1141 (D. Nev. 2015). Emergency motions burden both the parties and the court, requiring each to "abandon other matters to focus on the pending 'emergency'." *Id.* When a party files a motion on an emergency basis, it is within the sole discretion of the Court to determine whether any such matter is, in fact, an emergency. Local Rule 7-4(c).

Generally speaking, an emergency motion is properly presented only when the movant has shown (1) that it will be irreparably prejudiced if the court resolves the motion under the normal briefing schedule and (2) that the movant is without fault in creating the crisis that requires emergency relief or, at the very least, that the crisis occurred because of excusable neglect. *Cardoza*, 141 F. Supp. 3d at 1142 (citing *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F.

Supp. 488, 492 (C.D. Cal. 1995). If there is no irreparable prejudice, sufficient justification for bypassing the default briefing schedule does not exist and the motion may be properly decided on a non-expedited basis. *Id.* at 1142–43. If there is irreparable prejudice but the movant created the crisis, the court may simply deny the relief sought. *Id.* at 1143. The relevant inquiry is not whether the opposing party was at fault with respect to the underlying dispute, but rather "[i]t is the creation of the crisis—the necessity for bypassing regular motion procedures—that requires explanation." *Mission Power*, 883 F. Supp. at 493. Simply put, emergency motions "are not intended to save the day for parties who have failed to present requests when they should have." *In re Intermagnetics Am.*, 101 B.R. 191, 193 (C.D. Cal. Jun 1, 1989); *see also* Local Rule 7-4(b) ("[The] failure to effectively manage deadlines, discovery, trial, or any other aspect of litigation does not constitute an emergency").

I.   **Discussion**

Maluf's motion seeks to stay his rescheduled, continued deposition currently scheduled to take place tomorrow, August 22, 2024. *See generally* ECF No. 70. Maluf has had notice of the deposition date since at least August 8, 2024, and agreed to this date at a hearing before Judge Couvillier. Mins. of proc., ECF No. 66. Nonetheless, Maluf did not file the instant motion until August 20, leaving the court roughly two court days to resolve the motion. Maluf seeks "emergency" relief before the deposition, yet this is an emergency of his own making; and he has offered no explanation why this motion could not have been filed sufficiently in advance of the deposition to enable briefing and a decision prior to August 22, 2024. The decision to delay the filing of a motion until the 11th hour renders it subject to denial as being untimely. *See, e.g., Allstate Ins. Co. v. Nassiri*, 2011 WL 4905639, at *1 (D. Nev. Oct. 14, 2011) (overruling objections to magistrate judge order finding an emergency motion to quash subpoena was untimely when three-weeks' notice was provided for a deposition but the motion to quash was filed only three days before the deposition). Maluf is cautioned that further last-minute motions, absent good cause, may be denied as untimely.

However, because Maluf's motion is construed as an appeal of Judge Couvillier's orders, the August 22 deposition is stayed until the court renders a decision on Maluf's objections. Bergelectric must file any response to Maluf's appeal by September 3, 2024. No reply brief shall be filed without further order of the court. Consequently, Maluf's request for review is deferred.

## II. Conclusion

IT IS THEREFORE ORDERED that Maluf's emergency motion for stay and for review by district judge **[ECF No. 70] is granted in part and deferred in part**.

The August 22, 2024 deposition is **STAYED** until further order of the court. Defendant Bergelectric must file any responses to Maluf's appeal on or before September 3, 2024.

Dated: August 21, 2024

_____
Cristina D. Silva
United States District Judge