UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Jorge E. Ordonez Maluf, | Case No. 2:23-cv-00115-CDS-MDC |
| Plaintiff | **Order Denying Plaintiff's Motion to Stay** |
| v. | |
| Bergelectric Corp., | [ECF No. 70 ] |
| Defendants | |

This is an employment discrimination action brought by pro se plaintiff Jorge Maluf. Am. Compl., ECF No. 6. This order relates to an unfinished deposition. On June 10, 2024, defendant Bergelectric Corp. filed an emergency motion to compel the resumption of Maluf's deposition. Emergency mot. to compel, ECF No. 52. In its motion, Bergeletric claims that on May 13, 2024, it was unable to complete Maluf's deposition because of Maluf's "repeated attempts to avoid answering the questions presented and the use of an interpreter, which naturally slowed the process." *Id.* at 2. Bergelectric ultimately filed the emergency motion because Maluf "refuse[d] to agree to resume his deposition" and the dispositive motion deadline was rapidly approaching. *Id.* In the same motion, Bergelectric also moved to continue the dispositive motion deadline. *Id.* at 4. Thereafter, Maluf filed a motion for protective order pursuant to Federal Rule of Civil Procedure 26(c)(1) and argued that the court should deny the motion to compel. Mot. for protective order, ECF No. 60.

Judge Couvillier held a hearing on the motion to compel, the motion to continue, and the motion for protective order on August 8, 2024.[1] Order, ECF No. 66. After hearing representations from both parties, Judge Couvillier granted Bergelectric's motion to compel the resumption of Maluf's deposition and denied Maluf's motion for protective order. *Id.* Judge

---

[1] Bergeletric also filed a motion for sanctions against Maluf which Judge Couvillier denied. That motion is not pertinent to this order.

Couvillier also extended the dispositive motions deadline to September 27, 2024. Order, ECF No. 67. Subsequently, Maluf filed this emergency motion for stay of order ECF No. 66 and request for review by a district judge of objections to orders ECF Nos. 66, 67, and related filings. ECF No. 70[2]. The court construed this motion as an appeal of Judge Couvillier's orders. Order, ECF No. 71. After finding no basis to resolve Maluf's motion in an expedited fashion, I granted in part and deferred in part Maluf's emergency motion to stay. *Id.* I also stayed the August 22, 2024, deposition pending this decision on Maluf's objections. *Id.* Bergelectric filed its response to Maluf's objections on September 3, 2024. Resp., ECF No. 74. For the reasons herein I overrule Maluf's objections and affirm Judge Couvillier's order in full.

## I.  Legal standard

Magistrate judges may "hear and determine any pretrial matter pending before the court," with some exceptions, and "[a] judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). The court must "review the magistrate judge's factual findings for clear error and legal conclusions de novo." *Adidas Am., Inc. v. Fashion Nova, Inc.*, 341 F.R.D. 263, 265 (D. Or. 2022) (citing *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019)). "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1014 (9th Cir. 1997). "And [a]n order is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig*, 940 F.3d at 219 (cleaned up). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). Under this district's local rules, a party may object to a magistrate judge's ruling on a pretrial matter by filing written objections, and the opposing party may respond. LR IB 3-1(a);

---

[2] Maluf's motion was not filed in compliance with this district's local rules. "Documents filed electronically must be filed in a searchable Portable Document Format (PDF)." LR IA 10-1(b).

Fed. R. Civ. P. 72(a). But "[r]eplies will be allowed only with leave of the court." *Id.* And "[t]he district judge may affirm, reverse, or modify, in whole or in part, the magistrate judge's order." LR IB 3-1(b).

## II.     Discussion

Maluf objects to Judge Couvillier's (1) order granting the motion to compel, (2) order denying Maluf's request for protective order, and (3) order granting the motion to extend the deadline to file dispositive motions. ECF No. 70. I address each objection in turn.

### A. Judge Couvillier's order granting the motion to compel was not clearly erroneous or contrary to law.

Maluf provides numerous arguments for why Judge Couvillier's order granting Bergelectric's motion to compel was clearly erroneous or contrary to law. I find none of them persuasive.

#### 1.  *Maluf's Rule 30 argument*

Maluf first argues that Judge Couvillier's decision to grant the motion to compel and order another five hours of deposition violates Federal Rule of Civil Procedure (FRCP) 30. ECF No. 70 at 7. Rule 30 states that depositions must be limited to one day of seven hours unless extended by stipulation or court order. FRCP 30(d)(1). Maluf argues that he had already undergone "two days of deposition totaling 8 hours and 30 minutes with 7 hours and 40 minutes official recorded." ECF No. 70 at 7. Further, Maluf states that, when asked during the hearing how much time was needed to finish the deposition, Bergelectric responded, "as much time as possible." *Id.* Maluf argues that despite this "lack of diligence and specificity[,]" the court, "rather than ask how many questions were left, grants a presumably random award of 5 additional hours on the record[.]" *Id.* He also claims that "[w]hen Plaintiff asks about limiting the scope to what Defendant had itemized as outstanding topics, the Court refused and granted Defendant open reign to engage in unlimited inquiries." *Id.* Without citing to any case law, Maluf states that this decision is clearly erroneous and contrary to law. *Id.* In response, Bergelectric argues

that Maluf's assertion that he should be excused from completing his deposition because he has already been deposed for seven hours and forty minutes ignores that (1) Maluf wasted time with his "repeated attempts to avoid answering the questions presented," and (2) Maluf's request to have an interpreter present slowed down the deposition process. ECF No. 74 at 7. Bergelectric also argues that by limiting the length of the deposition, Judge Couvillier has ensured that Bergelectric does not have free reign to discuss irrelevant topics. *Id.* at 8–9. I agree.

   Rule 30 is clear that a court may order additional time for a deposition if the "deponent . . . impedes or delays the examination." FRCP 30(d)(1). The hearing transcript shows that Judge Couvillier, after reading the deposition transcript, noted several times where Maluf's actions delayed the deposition. First, Judge Couvillier notes that, despite requesting an interpreter, "the deposition was froth with instances where Mr. Maluf . . . would answer the question and the interpreter would consistently ask [him] to go through the interpreter." Hr'g. tr., ECF No. 73 at 8:18–20. Judge Couvillier also notes that, "there were a lot of instances in the deposition where instead of answering the question, [Maluf] debated the facts . . . became argumentative and distrustful." *Id.* at 10:1–5. Courts have allowed for additional time for a deposition when the deponent's behavior slows down the deposition process. *See Travelers Indem. Co. of Conn. v. Walking U Ranch, LLC*, 2022 U.S. Dist. LEXIS 73279, at *5–6 (C.D. Cal., Jan. 11, 2022) (finding that defendants refusal to consent to additional deposition time was unreasonable when defendants had unreasonably delayed production of documents); *Ludwin v. Proman*, 2021 U.S. Dist. LEXIS 196751, at *5–6 (S.D. Fla., Oct. 13, 2021) (court held that defendants' opposition to granting additional time for a deposition was not justified when defendant was "combative and confrontational" during his deposition and asserted his Fifth Amendment privilege to "nearly every single question posed to him"); *Burr v. Phillip Morris USA*, 2011 U.S. Dist. LEXIS 160307, at *4 (M.D. Fla., Oct. 19, 2011) (granting motion to compel additional deposition time when plaintiff gave argumentative, nonresponsive answers to defendants' questions).

1    Additionally, numerous courts in this circuit have made clear that the presence of an
2 interpreter can slow down a deposition and may warrant the granting of additional time. *See Hsin*
3 *Lin v. Solta Med., Inc.*, 2024 U.S. Dist. LEXIS 100197, at *2–3 (N.D. Cal., June 5, 2024) (stating that
4 the need for an interpreter may prolong the examination and that the use of a translator was
5 good cause for extending plaintiff's deposition an additional four hours); *Mahe v. Cont'l Tire The*
6 *Ams., LLC*, 2012 U.S. Dist. LEXIS 200332, at *6–7 (C.D. Cal., Mar. 28, 2012) (finding good cause
7 for extending deposition when plaintiff required the use of a Tongan language interpreter which
8 slowed down the deposition); *Carbajal v. Omni Hotels Mgmt. Corp.*, 2021 U.S. Dist. LEXIS 252102, at
9 *8 (C.D. Cal., Nov. 1, 2021) (finding good cause to grant additional time for deposition when
10 deposing witness with an interpreter took occupied at least half of the deposition time). Clearly,
11 this decision was not contrary to law.
12    Further, based on the record, I do not agree that Judge Couvillier's decision to grant five
13 hours of additional deposition time was "random" nor do I agree that the court's refusal to allow
14 Maluf to dictate the deposition topics "granted Defendant open reign to engage in unlimited
15 inquiries." ECF No. 70 at 7. The hearing transcript demonstrates that Judge Couvillier
16 underscored that another seven hours of deposition time was out of the question and engaged
17 thoughtfully with Bergelectric's counsel when deciding to grant the five hours of additional
18 deposition time. ECF No. 73, Hr'g tr. at 16:7–17:7. Further, the hearing transcript also makes clear
19 that Bergelectric does not want to delay finishing Maluf's deposition. *Id.* at 4:9–16 ("Your Honor,
20 I mean, to put it frankly, I just want to complete the plaintiff's deposition."). I agree that the five-
21 hour time limit will itself work to limit the scope of deposition and ensure that the parties are
22 not wasting time rehashing things that were already discussed. Therefore, I do not find that
23 Judge Couvillier's decision to grant additional deposition time was clearly erroneous or contrary
24 to law, so Maluf's appeal of his decision is denied.
25
26

5

### 2. *Maluf's Rule 26 argument*

Maluf next argues that Judge Couvillier's decision to grant the motion to compel and order another five hours of deposition violates Federal Rule of Civil Procedure 26 because defendant's motion to compel failed to specify the discovery sought. ECF No. 70 at 7. Federal Rule of Civil Procedure 26 states that

> "[u]nless otherwise limited by court order . . . Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefits."

FRCP 26(b)(1).

Maluf claims that when looking at the considerations set out in Rule 26 when deciding how to limit discovery, there was no basis for granting the motion to compel. ECF No. 70 at 8. In response, Bergelectric argues that Maluf failed to assert his Rule 26 argument in his opposition to Bergelectric's emergency motion to compel and has waived his right to do so. ECF No. 74 at 9. It further argues that Maluf misunderstands Rule 26(b)(1) because it is used to determine what is discoverable in litigation, not what is within the scope of a deposition. *Id.*

Contrary to Bergelectric's assertion, Maluf did not fail to assert his Rule 26(b) argument in his opposition. In his opposition, Maluf writes, "[d]efendant has put forth no scope, plain or aim of what is hoped to accomplish in a third deposition." Opp'n, ECF No. 56 at 12. On the next page, he cites to Federal Rule of Civil Procedure 26(b)(2)(C) which says: "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed . . . if it determines that: the discovery sought is unreasonably cumulative or duplicative, or . . . if party seeking discovery had amble opportunity to obtain the information by discovery in the action." Although Maluf does not explicitly reference Rule 26(b)(1) in his opposition, pro se pleadings must be liberally construed. *See, e.g., Lowery v. Fremont St. Experience L.L.C.*, 2024 U.S. Dist. LEXIS 145719, at *2 (D. Nev., June 21, 2024). Maluf's opposition states that he is concerned that

Bergelectric has not explained the scope of the deposition, which is the crux of his argument in his objection to Judge Couvillier's order. Thus, I find that this argument was properly presented to Judge Couvillier.

However, I do not find that Judge Couvillier violated Rule 26 when deciding to grant the motion to compel. Maluf argues that Bergelectric provides no justification or explanation for the additional deposition time and that it fails to show the necessity or importance of additional discovery. ECF No. 70 at 7. That is incorrect. In its motion to compel, Bergeletric explained that Maluf repeatedly attempted to avoid answering questions. ECF No. 52 at 3. Maluf's behavior combined with the need for an interpreter slowed down the process of the deposition, and Bergelectric has questions that remain unanswered. *Id.* Maluf further argues that (1) the balance of access to relevant information overwhelmingly favors Bergelectric, (2) Bergelectric has more resources than he does, and (3) he is substantially burdened by the need for an additional deposition because he must miss work and lose income. ECF No. 70 at 8. Considering that Maluf chose to initiate this lawsuit, he is obligated to participate in the discovery process. *See, e.g., Smith v. Sergent*, 2017 U.S. Dist. LEXIS 38261, at *2 (E.D. Cal., Mar. 15, 2017). Further, as has previously been stated, Judge Couvillier determined that much of the need for additional deposition time is due to Maluf's behavior. ECF No. 73, Hr'g tr. at 26:2–7 ("Mr. Maluf, I think that you need to improve your conduct in the deposition, and I think the reason why it's delayed and we're here facing these delays . . . you're partly at fault for that in your conduct at your deposition"). Maluf cannot use his own decisions and behavior as a shield and sword. Given these circumstances, Judge Couvillier's decision was not clearly erroneous or contrary to the law.

### 3. *Maluf's argument that his answers were not evasive or incomplete*

Maluf further argues that Judge Couvillier improperly granted the motion to compel because Bergelectric failed to demonstrate that Maluf's responses were evasive or incomplete. ECF No. 70 at 8. In response, Bergelectric argues it cited several specific examples of Maluf's

evasive behavior for the court's review. ECF No. 74 at 10–11. Indeed, the motion to compel is rife with examples of Maluf's evasiveness and hostility. ECF No. 53 at 3. *See* Def. Ex. 2, ECF No. 52-3 at 9–10, 11–13, 16– 20, 29–36.[3] The record demonstrates that Judge Couvillier read all the related briefing and the deposition transcript several times. ECF No. 73, Hr'g tr. at 3:24–4:1. As such, Judge Couvillier's finding that Maluf's answers were evasive or incomplete was not clearly erroneous. Maluf also argues that Judge Couvillier improperly refused to let him explain his answers during the hearing on the motion to compel. ECF No. 70 at 9. However, Maluf's opposition to the motion to compel provides context to his answers in the deposition and puts forth Maluf's opinion as to why the deposition did not go as planned. ECF No. 56 at 7–9. Judge Couvillier was very familiar with the deposition transcript. ECF No. 73, Hr'g tr. at 3:24–4:1. As such, Judge Couvillier was already aware of Maluf's position, understood the context of the deposition, and properly denied Maluf the opportunity to repeat his position at the hearing. Judge Couvillier's finding was not clearly erroneous or contrary to law.

### 4. *Maluf's altered evidence argument*

Maluf next argues that Judge Couvillier's order was clearly erroneous and contrary to law because he "fail[ed] to consider critical of [sic] Defendant's admission that evidence presented during the deposition had been altered." ECF No. 70 at 11. In response, Bergelectric argues that (1) Maluf's argument is inaccurate, hyperbolic, and irrelevant for purposes of considering whether his deposition should be completed and (2) Bergelectric did not admit to altering evidence. ECF No. 74 at 11–12. The transcript from the hearing confirms that Judge Couvillier explained to Maluf the proper course of action a party should taking during a deposition when there are objections to evidence. ECF No. 73, Hr'g tr. at 10:6–16. Judge Couvillier said:

> So, for example, you had an issue about an email, and it appears that the email exhibit that was used did not have the full email chain. And you have a right to raise that objection, sir. That's an evidentiary objection. That's a proper objection.

---

[3] Defendant cites to numerous other examples in his motion that I do not reiterate it here.

> But, sir, once you make that objection, you then need to answer the question. And that objection is stated on the record, and the Court will address that objection later as it becomes relevant, either on a motion or at trial. Okay? But it's not — once you've raised the objection, it's time to let it go and then answer the question.

*Id.*

Further, in response to this explanation, Maluf made clear he understood the process Judge Couvillier had described. *Id.* at 10:15–17. The process Judge Couvillier outlined is exactly what is prescribed in Rule 30(c)(2).[4] Thus, Maluf's issues with the evidence presented during the deposition is not reason to prevent the resumption, and conclusion, of the deposition.

Maluf cites to two cases, *Pumphrey v. K.W. Thompson Tool Co.*, 62 F.3d 1128 (9th Cir. 1995), and *Phillips v. C.R. Bard, Inc.*, 290 F.R.D 615 (D. Nev. 2013), to support his argument that the presentation of allegedly altered evidence should prevent the deposition from continuing. ECF No. 70 at 12. However, while the case involves fraud against the court, the *Pumphrey* case does not stand for the proposition that alleged fraud by one party causes them to forfeit its right to a deposition. *See Pumphrey*, 62 F.3d at 1130 (holding that defendant's actions constituted fraud and a new trial was appropriate). Nowhere in the *Phillips* case does the court address altered evidence or forfeiture of a deposition. *See* 290 F.R.D. at 671 (declining to reconsider discovery of the report because an in-camera review revealed that the document was protected work product). And importantly, there has been no finding of a fraud or altered evidence here, but just an accusation lodged by Maluf. I therefore find that Judge Couvillier did not act in a way that was clearly erroneous or contrary to law.

### 5. Maluf's argument that Judge Couvillier overlooked ethical concerns and factual misrepresentations

Maluf next argues that Judge Couvillier's findings on Bergelectric's conduct were clearly erroneous because Judge Couvillier "overlook[ed] significant ethical concerns and factual misrepresentations." ECF No. 70 at 13. However, the hearing transcript demonstrates that Judge

---

[4] "[A]n objection at the time of the examination . . . to evidence . . . must be noted on the record, but the examination still proceeds". FRCP 30(c)(2).

Couvillier addressed *both* parties' behavior during the deposition. *See* ECF No. 73, Hr'g tr. at 11:7–10 ("defense counsel, you noted on the record that Mr. Maluf was standing up with his hands crossed and then you made a derogative term. [You] [c]an't do that."); 12:6–11 ("defense counsel, there was a lot of instances where the questions were prefaced by significant statements and questions"). As such, I find that Judge Couvillier's findings were not clearly erroneous.

### 6. *Maluf's argument that he was entitled to witness testimony*

Maluf next argues that Judge Couvillier acted contrary to law when he failed to allow Maluf to call a "key witness" during the August 8 hearing. ECF No. 70 at 14. Maluf argues that this witness would have addressed factual issues including "[d]efendant's invocation of the witness's out-of-court statement to counter allegations of hostile conduct, [d]efendant's failure to use expedited service, details regarding the termination of the deposition . . . [d]efendant's false statement regarding deposition scheduling[.]" *Id.* He also argues that failing to allow this evidence violated his right to due process and fair proceedings. *Id.* at 15. In response, Bergelectric argues (1) there is no evidence that the witness would testify favorably for the plaintiff and (2) the court's refusal to allow the testimony did not infringe on Maluf's right to due process. ECF No. 74 at 17. I agree with the latter argument and therefore see no reason to address the former.

Judge Couvillier's decision was not contrary to law. Local Rule 78-1 states that "all motions may be considered and decided with or without a hearing." Thus, there was no requirement that Judge Couvillier have a hearing, much less oral argument on the motions, at all. Indeed, Judge Couvillier could have decided the motion to compel on the briefing alone as "[i]t is within the Court's discretion whether to grant or deny an evidentiary hearing on a motion." *Voggenthaler v. Md. Square, LLC*, 2010 U.S. Dist. LEXIS 131262, at *19–20 (D. Nev., Nov. 30, 2010) (citing Fed. R. Civ. P. 43(c) and *United Commercial Ins. Service, Inc. v. Paymaster Corp.*, 962 F.2d 853, 858 (9th Cir. 1992)). Courts, with good reason, do not ordinarily conduct evidentiary hearings on discovery motions. *Id.* Thus, Maluf had no right to present witness testimony and cites no

points and authority to support his argument that he did. Judge Couvillier's decision to not allow this witness testimony is not contrary to the law.

### 7. Maluf's Local Rule 26-3 argument

Maluf next argues that Judge Couvillier had no basis to compel the deposition because discovery had already closed and doing so is a violation of Local Rule 26-3. ECF No. 70 at 16. In its response, Bergelectric argues that (1) Maluf did not make this argument in his opposition to Bergelectric's motion to compel; (2) Bergelectric is not seeking to reopen discovery but is seeking to complete Maluf's deposition that began prior to the close of discovery; and (3) Bergelectric's motion to compel and reply set forth good cause to extend the discovery cut off for purposes of completing the deposition. ECF No. 74 at 17–18. Maluf failed to make this argument in his original opposition to the motion to compel and it was not properly before Judge Couvillier. Therefore, I do not address it. *See Lang v. Comm'r of SSA*, 2023 U.S. Dist. LEXIS 37965, at *10–11 (D. Ariz., Mar. 7, 2023) ("a party generally may not raise new arguments for the first time in an objection" to a magistrate judge's order). Because I do not address the merits of the argument, I do not address Bergelectric's argument that it is not seeking to reopen discovery or that it has good cause to request an extension.

### 8. Maluf's Local Rule 26-6 and Local Rule IA 1-3(f) argument

Last, Maluf argues that Judge Couvillier decision was both clearly erroneously and contrary to law because Bergelectric (1) violated Local Rule 26-6(b) because it did not properly include the entire text of the disputed discovery with the motion to compel, and (2) violated Local Rule 26-6(c) and Local Rule IA 1-3(f) because it did not make a good faith effort to meet and confer to resolve the dispute before seeking court intervention. ECF No. 70 at 16–17. In response to the allegation that it violated Local Rule 26-6(b), Bergelectric argues that it "relates to instances where a party is seeking to compel a written or oral response to a particular question" and is consequently not applicable in this situation because Bergelectric is not asking Maluf for a specific response, but instead to complete his deposition and to "sit for questions not

yet asked." ECF No. 74 at 18. I agree. Local Rule 26-6(b) is not applicable to situations where a motion to compel does not include "certain requests for discovery or responses." *Ciolino v. Dzurenda*, 2022 U.S. Dist. LEXIS 13960, at *5–6 (D. Nev. Jan. 25, 2022).

Further, regarding the allegation that Bergelectric violated Local Rule 26-6(c) and Local Rule 1A 1-3(f), I find that Maluf failed to make this argument in his original opposition to the motion to compel so it was never before Judge Couvillier so I do not address it here. *See Lang*, 2023 U.S. Dist. LEXIS 37965, at *10–11 ("a party generally may not raise new arguments for the first time in an objection" to a magistrate judge's order). Judge Couvillier acted in a manner that is clearly erroneous or contrary to law in deciding to grant Bergelectric's motion to compel so Maluf's objection is overruled.

### B. Judge Couvillier's order denying Maluf's motion for protective order was not clearly erroneous or contrary to law.

Maluf argues that Judge Couvllier's decision to deny his motion for protective order was clearly erroneous or contrary to law because Federal Rule of Civil Procedure 26(b)(2)(C) requires the court to limit discovery when a more convenient, less burdensome and less expensive method to obtain the discovery exists, or if the defendants had ample time to obtain the information. ECF No. 70 at 18. Again, Maluf never raised this argument in his original motion for a protective order, so I do not address it. *See Lang*, 2023 U.S. Dist. LEXIS 37965, at *10–11. Consequently, Maluf's objection is overruled.

### C. Judge Couvillier's order granting the motion to extend deadlines to file dispositive motions was not clearly erroneous or contrary to law.

Maluf argues that Judge Couvillier's decision to grant Bergelectric's motion to extend the deadline to file dispositive motions was clearly erroneous and contrary to law because Bergelectric failed to satisfy the requirements set out in Local Rule IA 6-1(a) and Local Rule 26-3. ECF No. 70 at 21.

LR IA 6-1(a) says that a request to extend a motions deadline made after the expiration of the specified period "will not be granted unless the movant or attorney demonstrates . . . excusable neglect." Maluf argues that Judge Couvillier's decision was in violation of this rule because Bergelectric did not demonstrate excusable neglect to support its request. ECF No. 70 at 21. Bergelectric argues that Local Rule 1A 6-1(a) is not applicable because Bergelectric filed its motion to extend *before* the dispositive motions deadline passed. ECF No. 74 at 21 (emphasis added). Indeed, Bergelectric filed its motion to extend the dispositive deadline on June 10, 2024. *See* ECF No. 52. The record shows that the deadline for dispositive motions was not until July 13, 2024. *See* ECF 40. Thus, LR 1A 6-1(a) is not applicable so Maluf's objection as to this argument is overruled.

Maluf next argues that Bergelectric failed to satisfy the requirements in Local Rule 26-3 because Bergelectric did not provide a specific description of the discovery that remains to be completed and a proposed schedule for completing the remaining discovery. ECF No. 70 at 21. *See* LR 26-3. In response, Bergelectric argues: (1) Local Rule 26-3 is irrelevant because it filed its motion prior to the expiration's deadline and (2) even if Local Rule 26-3 did apply, Bergelectric did provide a specific description of the discovery sought. ECF No. 74 at 22. Unlike Local Rule 1A 6-1(a), the requirements that Bergelectric provide a specific description of the discovery sought and a proposed schedule for completing the discovery are not contingent on whether the deadline for dispositive motions has passed. *See* LR 26-3. However, I agree that Bergelectric provided a specific description of the discovery sought. ECF No. 58 at 8; *see Donaca v. Dish Network, LLC*, 303 F.R.D 390, 398 (D. Colo. 2014) (denying motion to strike new information provided in reply because defendants had an opportunity to address the information at a hearing). Further, although Bergelectric never provided a proposed schedule for completing the discovery in its briefing, the transcript of the hearing demonstrates it was unlikely the parties could have reached an agreement on scheduling. Regardless, the parties decided on the date of the deposition on the record. ECF No. 73, Hr'g tr. at 24:10–25:19. Thus, I do not find that Judge

13

Couvillier's decision was clearly erroneous or contrary to law. Maluf's objection as to this argument is overruled.

### D. Judge Couvillier's order did not limit Maluf's speech.

Maluf argues that Judge Couvillier's order is contrary to law because it limited his speech by (1) requiring him to only respond to deposition questions with yes or no answers and (2) compelling him to exclusively use an interpreter exclusively during his deposition. ECF No. 70 at 21–22.

First, Maluf argues that Judge Couvillier's order is contrary to law because it compels him to "communicate exclusively . . . [with] just yes or no answers." *Id.* at 21. This is disingenuous. A review of the hearing transcript makes clear that Judge Couvillier did no such thing. During the hearing, Judge Couvillier explained to Maluf instances where his deposition answers were not appropriate. Judge Couvillier stated,

> [t]here are instances where you aren't answering the question. If the question asks you, are you wearing a tie, the question calls for a yes or no response. Do you understand that?...So the answer would be yes or no. If the question asks you and you need to elaborate or provide additional facts, then you need to answer the question, and then if you feel that you need to provide additional facts, you must do so.

ECF No. 73, Hr'g tr. at 11:20–12:3. The transcript could not be clearer. Judge Couvillier does not, in any way, compel Maluf to respond only in yes or no answers. This decision was not clearly erroneous or contrary to law. Maluf is cautioned that future disingenuous arguments may lead to sanctions. *See Progressive Games, Inc. v. Shuffle Master, Inc.*, 69 F. Supp. 2d 1276, 1281 n.1 (D. Nev. 1999) ("[u]nder Federal Rule of Civil Procedure 11, a district court may sanction a party for arguments without reasonable foundation in fact or law").

Maluf next argues that Judge Couvillier's order is contrary to law because it compels him to speak only in Spanish. ECF No. 70 at 22. Without citing to any case law to support his argument, Maluf insists that he should be entitled to an interpreter "solely to assist with comprehension during complex questioning." *Id* at 23. He also argues that requiring him to

14

exclusively speak in Spanish violates "principles of fairness and accuracy." *Id.* In response, Bergelectric argues that "when a party requests an interpreter, they are representing that English it not a language they are comfortable using in a legal setting[.]" ECF No. 74 at 23. Thus, the "party noticing the deposition wants to ensure the deponent's testimony is accurate which requires the deponent to testify exclusively through the interpreter." *Id.* Bergelectric further argues that requiring Maluf to speak in Spanish does not violate principles of fairness and accuracy because (1) Maluf never provided evidence that the use of an interpreter was detrimental to his deposition testimony, (2) Bergelectric's right to accurate testimony outweighs Maluf's desire to speak in English, and (3) Judge Couvillier has outlined what to do should there be any disputes at the second deposition. *Id.* at 24–25. Bergelectric's arguments are persuasive. Bergelectric is entitled to a clear record of Maluf's deposition testimony. *Garces v. Pickett*, 2022 U.S. Dist LEXIS 65287, at *5 (E.D. Cal., Apr. 7, 2022). Maluf has a right to, and has selected to, use a Spanish interpreter for the deposition. Judge Couvillier did not act contrary to law in requiring Maluf to use the interpreter for the entirety of his deposition. I overrule Maluf's objections as to this argument.

### III.   Conclusion

IT IS THEREFORE ORDERED that Maluf's objections **[ECF No. 70] are OVERRULED.**

IT IS FURTHER ORDERED that Judge Couvllier's orders **[ECF No. 66 and ECF No. 67] are AFFIRMED IN THEIR ENTIRETY.**

IT IS FURTHER ORDERED that the parties must meet and confer to decide on a new deposition date by November 18, 2024. The rescheduled deposition must occur on or before December 13, 2024. Any delay in rescheduling the deposition will require leave of court.

Dated: November 6, 2024

_____
Cristina D. Silva
United States District Judge

15