UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Jorge E. Ordonez Maluf, | Case No. 2:23-cv-00115-CDS-MDC |
| Plaintiff | **Order Denying Plaintiff's Motions for Reconsideration and Leave to File Supplemental Briefing** |
| v. | |
| Bergelectric Corp., | [ECF Nos. 89, 90] |
| Defendants | |

This is an employment discrimination action brought by pro se plaintiff Jorge Maluf against defendant Bergelectric Corp. alleging (1) discrimination in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq. (1990); (2) national origin discrimination in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981; (3) interference in violation of the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2614(a) ; and (4) violations of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–34 (ADEA). Am. compl., ECF No. 8. On July 9, 2025, I granted Bergelectric's motion for summary judgment in part and denied it in part. Order, ECF No. 88. Specifically, I granted summary judgment for Bergelectric on Maluf's ADA and FMLA claims but denied the motion as to Maluf's Title VII and ADEA claims. *Id.* at 22. Maluf now moves for reconsideration of my order dismissing his ADA and FMLA claims. Mot. for recons., ECF No. 89. Bergelectric opposes the motion. Opp'n, ECF No. 91. For the reasons herein, I deny Maluf's motion for reconsideration.[1]

---

[1] Maluf also filed a motion for leave to file a supplement to his motion for reconsideration. ECF No. 90. He requests to submit the supplement to "highlight a competing, reasonable, and fact-based interpretation of the six emails upon which the Court's dispositive timeline rests." *Id.* at 1. "[T]he Court will only find good cause exists to allow . . . supplemental briefing if the proposed briefing will make a substantive difference." *Chemeon Surface Tech., LLC v. Metalast Int'l, Inc.*, 2019 U.S. Dist. LEXIS 30566 at *8 (D. Nev. Feb. 26, 2019) (citation omitted). Maluf's supplemental motion seems to be nothing more than a continuation of the argument he put forth in his motion for reconsideration, or in the alternative, an attempt to raise arguments he could have, but failed to, in his opposition to defendant's summary judgment motion. Therefore, I find the supplement improper, and further, I do not find the briefing would make a substantive difference, so his motion for leave is denied.

I.      Discussion

A motion to reconsider a final appealable order is appropriately brought under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See United States v. Martin*, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000). A motion for reconsideration is not an avenue to present arguments previously raised; that is, a motion for reconsideration is a mechanism for an unsuccessful party to reiterate arguments previously presented. *See Maraziti v. Thorpe*, 52 F.3d 252, 255 (9th Cir. 1995); *Beentjes v. Placer Cnty. Air Pollution Control Dist.*, 254 F. Supp. 2d 1159, 1161 (E.D. Cal. 2003); *Khan v. Fasano*, 194 F. Supp. 2d 1134, 1136 (S.D. Cal. 2001) ("A party cannot have relief under this rule merely because he or she is unhappy with the judgment."). As Maluf brings this motion for reconsideration under both Federal Rules of Civil Procedure 59(e) and 60(b), I address both rules.

A.  Federal Rule of Civil Procedure 59(e)

District courts are afforded "considerable discretion" when ruling on a Rule 59(e) motion. *Tabi v. Lazovsky*, 2024 U.S. Dist. LEXIS 182781, at *3 (C.D. Cal. Aug. 20, 2024) (internal citation omitted). A motion for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Maluf fails to meet this burden. He contends that this court erred by finding, based on the evidence presented, that he was removed from the Nellis project before he went on FMLA leave or requested a reasonable accommodation under the ADA. *See generally* ECF No. 89. Maluf surmises that, contrary to this court's order, the evidence he presented creates a genuine issue of material fact as to when he was removed from the Nellis project. *Id.* A "'[p]arty seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the . . . arguments considered by the Court before rendering its original decision fails to carry the moving party's burden.'" *Gaston v. Terronez*, 2014 U.S. Dist. LEXIS 37564, at *1 (E.D. Cal. Mar. 17, 2014) (quoting *United States v. Westlands*

*Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001)). The court reviewed and weighed all of the evidence Maluf points to in his motion for reconsideration when deciding on the motion for summary judgment; Maluf disagrees with the court's decision and improperly seeks to relitigate arguments that have already been rejected. *See Marquez-Perez v. Nevada*, 2023 U.S. Dist. LEXIS 22085, at *4 (D. Nev. Feb. 8, 2023). Consequently, his motion for reconsideration under Rule 59(e) is denied.

### B. Federal Rule of Civil Procedure 60(b)

Maluf's motion fares no better when analyzed under Rule 60(b). Rule 60(b) provides for reconsideration upon demonstrating "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4); a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify such relief." *Brandon Blue v. NFL*, 2025 U.S. Dist. LEXIS 46452, at *5 (C.D. Cal. Jan 28, 2025) (quoting *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). As Maluf's motion rests on the grounds that this court came to a conclusion that he disagrees with and seeks to relitigate evidence the court already considered. Thus, he cannot demonstrate that extraordinary circumstances justify reconsideration so his motion under Rule 60(b) is also denied.[2]

### C. Maluf's request of conditional entry of final judgment is denied.

Maluf requests that, should the court deny reconsideration, that it "certify this dispositive issue for immediate appeal" because doing so serves the interest of judicial economy and prevents prejudice to any party. ECF No. 89 at 10. He argues that this would avoid the risk of "two separate, expensive trials and a potentially wasted verdict should the issue be reversed only after a full trial on the surviving claims." *Id.* In response, Bergelectric argues that this

---

[2] Maluf argues that the court's order granting summary judgment on the FMLA and ADA claims "unfairly handicap[s]" his case because the jury will be barred from hearing that his alleged demotion happened after he took FMLA leave and requested an ADA accommodation. ECF No. 89 at 9. The court recognizes Maluf's pro se status and provides some clarification. To the extent that this evidence is relevant to the remaining claims, and Maluf is able to demonstrate relevancy, he is not necessarily barred from providing evidence relating to his FMLA leave and ADA accommodations at trial. Maluf is barred, however, from arguing these claims at trial or seeking damages for them.

request goes against the interest of judicial economy because doing so requires the parties to litigate at both the appellate and trial level. ECF No. 91 at 9. I agree. Litigating these claims in a piecemeal fashion, as Maluf suggests, does not serve the judicial economy. Maluf's request is denied.[3]

## II. Conclusion

IT IS THEREFORE ORDERED that Maluf's motion for reconsideration **[ECF No. 89] is DENIED.**

IT IS FURTHER ORDERED that Maluf's motion for leave to file supplemental briefing in support of his motion for reconsideration **[ECF No. 90] is DENIED.**

Dated: July 29, 2025

_____
Cristina D. Silva
United States District Judge

---

[3] Bergelectric also requests sanctions against Maluf. ECF No. 91 at 8. This request is denied. Both Bergelectric and Maluf's briefing request multiple forms of relief in one motion. The parties are advised that seeking multiple types of relief violates this district's local rules and failure to adhere to the local rules may result in sanctions in the future. *See* LR IC 2-2(b).