UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Jorge E. Ordonez Maluf,

          Plaintiff

v.

Bergelectric Corp.,

          Defendant

Case No. 2:23-cv-00115-CDS-MDC

**Order Denying Plaintiff's Motion for Relief and Motion to Stay, and Striking Notices**

[ECF Nos. 93, 94, 95, 96, 97]

      Plaintiff Jorge Maluf has filed a motion for relief (ECF No. 93), a motion to stay deadlines for submission of the joint pretrial order pending a ruling on his motion for relief (ECF No. 94), a notice of impasse regarding submission of joint pretrial order (ECF No. 95), and a notice of clarification regarding meet and confer (ECF No. 96). In the motion to stay, Maluf states that he is unable to participate in submitting a joint pretrial order until there has been a ruling on his motion for relief. ECF No. 94 at 2. Having reviewed the motion for relief, it is clear that Maluf is attempting to file a motion for reconsideration of the order resolving summary judgment, while simultaneously litigating a discovery dispute therein. This is a violation of Local Rule IC 2-2(b). That rule requires plaintiff to file a separate motion for each separate form or relief requested. Local Rule IC 2-2(b) states, in relevant part: "For each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document." Accordingly, his motion for relief is denied without prejudice. If Maluf believes he is entitled to relief based on an alleged discovery violation, he should file an appropriate motion. Likewise, if Maluf believes reconsideration of my order resolving the defendant's summary judgment is warranted, he must file an appropriate motion setting forth the standard for reconsideration. As a result, Maluf's motion for relief is denied.

Further, the court strikes the "notices" filed at ECF Nos. 95, 96, and 97. The court is not a repository for discovery disputes, and responses thereto. Again, if a party believes they are entitled to relief, they must file an appropriate motion so it can be resolved by the court. The parties are reminded of the meet and confer obligations set forth in this District's Local Rules. *See* LR IA 1-3(f).

Last, having resolved the motion for relief, the court denies without prejudice Maluf's motion to stay the deadline to file a joint pretrial order. Nonetheless, the court sua sponte extends the deadline to August 22, 2025.

## Conclusion

IT IS THEREFORE ORDERED that:

(1) Maluf's motion for relief from orders **[ECF No. 93] is DENIED**;

(2) Maluf's motion for a stay **[ECF No. 94] is DENIED without prejudice**;

(3) Maluf's notices to the court **[ECF Nos. 95, 96] are STRICKEN**;

(4) Bergelectric's notice of objection **[ECF No. 97] is STRICKEN**; and

(5) The deadline for the parties to file the joint pretrial order is extended to **August 22, 2025**.

Dated: August 11, 2025

_____
Cristina D. Silva
United States District Judge