UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Jorge E. Ordonez Maluf,<br><br>　　　　　Plaintiff<br><br>v.<br><br>Bergelectric Corp.,<br><br>　　　　　Defendant | Case No. 2:23-cv-00115-CDS-MDC<br><br>**Order Denying Plaintiff's Motion for Revision of Interlocutory Orders and Denying Defendant's Motion for Sanctions**<br><br>[ECF Nos. 99, 103] |

　　　　Plaintiff Jorge Maluf has filed a motion for revision of interlocutory orders. Mot., ECF No. 99. In the motion he reiterates the arguments he presented in his motion for relief—namely that defendant Bergelectric Corp. presented contradictory statements in its discovery, which he believes were exposed after I ruled on the motion for summary judgment. ECF No. 99 at 1. Bergelectric opposes the motion. Opp'n, ECF No. 102. Bergelectric also files a motion for sanctions against Maluf based on Maluf's post-summary-judgment-ruling motions practice. Mot. for sanctions, ECF No. 103. For the reasons herein, I deny the motion for revision and deny the motion for sanctions without prejudice.

I.　　**Legal standard**

　　　　A district court may reconsider an interlocutory order for cause, so long as it retains jurisdiction. Local Rule 59-1(a). Reconsideration may be appropriate if the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (citing *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)); *see also* LR 59-1(a). "Motions for reconsideration are disfavored. A movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts." LR 59-1(b).

## II. Discussion

While titled a motion for "revision," Maluf's motion is in fact one for reconsideration so I evaluate it under that standard. The motion is based on Maluf's belief that there is newly discovered evidence in this case. Specifically, he alleges that in a response to a prior motion for reconsideration Bergelectric made an admission that "cannot be reconciled" with Bergelectric's sworn discovery responses. ECF No. 99 at 5. In a prior motion for reconsideration[1] (ECF No. 89), Maluf argued that lack of formal documentation supporting his alleged removal from the Nellis project is evidence supporting his assertion that he was not actually removed. ECF No. 89 at 7. In response, Bergelectric states that "just because such a document was not cited in support of summary judgment does not mean it does not in fact exist. To assume otherwise is a logical fallacy." ECF No. 91 at 6. In this motion for reconsideration, Maluf believes that Bergelectric's statement in the response directly contradicts its response to the request for production where it said that all documents had been produced or "never existed, [had] been lost or stolen, or were inadvertently destroyed." ECF No. 99 at 6 (citing Resp. to requests for produc., Pl.'s Ex. 1, ECF No. 99-1 at 4–23). In other words, Maluf believes that Bergelectric has admitted to purposefully misrepresenting itself to the court and withholding documents. This alleged contradiction, he surmises, "prompted the revelation of active deception." *Id.* at 7.

In response, Bergelectric asserts that the statement "just because a document was not cited in support of summary judgment does not mean that it does not in fact exist" was made "merely to point out the logical fallacy in Plaintiff's reasoning." ECF No. 102 at 3. It further argues that this statement does not contradict any statements made by Bergelectric in discovery. Rather they represent that in every response to a specific request for production, they told Maluf that it would "produce [responsive documents] in its possession custody and control." *Id.* Bergelectric then explains that "[j]ust because certain documents were not part of that production does not mean they were wrongly withheld as they may have been lost, stolen,

---

[1] I denied the motion for reconsideration on July 29, 2025. ECF No. 92.

misplaced, or never existed." *Id.* Finally, Bergelectric argues that it fully complied with the discovery requests and notes that Maluf acknowledges he received the 908-page discovery file from them. *Id.* (referencing ECF No. 99 at 8–20).

Contrary to Maluf's insistence, Bergelectric has not made any contradictory statements in any of its briefing. Bergelectric promised to produce all documents in its custody, possession, or control and has done so. There is the possibility, as there is in any legal dispute, that certain documents Maluf seeks were once in Bergelectric's possession but were no longer in its possession, they were lost, had been destroyed, or were merely no longer within Bergelectric's custody. It is also entirely possible that the documents Maluf seeks do not exist and have never existed. Bergelectric has said nothing in its briefing that would lead the court to believe it misrepresented the existence of certain documents or that it had falsified its discovery responses. Maluf's argument does not warrant the granting of this motion for reconsideration.

In the remainder of the motion, Maluf seeks to play Monday morning quarterback and attempts to litigate issues relating to discovery that could have and should have been dealt with prior to the resolution of the motion for summary judgment. The only "new" evidence Maluf points to in his motion is the alleged contradictory statement. He then uses this alleged contradiction to argue that—because Bergelectric has allegedly misrepresented itself with this admission—the rest of Bergelectric's discovery must also be tainted. Maluf's attempt to invalidate discovery that has been available to him long before the order on the motion for summary judgment is misguided. These arguments should have been raised prior to the order on the motion for summary judgment and Maluf's failure to do so does not result in manifest injustice. Indeed, a motion for reconsideration may not be used to raise arguments or present evidence that could have been raised prior to the entry of judgment. *Grady v. Biter*, 2017 U.S. Dist. LEXIS 55493, at *2 (S.D. Cal. Apr. 10, 2017) (citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)).

Because I do not find that Bergelectric misrepresented itself to Maluf or the court, and because the remainder of Maluf's arguments are not properly before the court, I deny Maluf's motion for reconsideration.

Additionally, having reviewed the record, and though I understand Bergelectric's frustration, I do not find that Maluf's filing of this motion rises to a level that warrants sanctions at this time. Therefore, Bergelectric's motion for sanctions is denied.[2]

### III.     Conclusion

IT IS HEREBY ORDERED that Maluf's motion for revision of interlocutory orders, which is construed as a motion for reconsideration, **[ECF No. 99] is DENIED.**

IT IS FURTHER ORDERED that Bergelectric's motion for sanctions **[ECF No. 103] is DENIED.**

IT IS FURTHER ORDERED that the stay regarding the joint pretrial order is LIFTED. The parties must prepare and file a proposed joint pretrial order consistent with Local Rules 16-3 and 16-4 by September 26, 2025.

Dated: September 5, 2025

_____
Cristina D. Silva
United States District Judge

---

[2] Maluf is cautioned that any continued filings that do not properly address the motion for reconsideration standard will be summarily denied.