UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Jorge E. Ordonez Maluf,<br><br>　　　　　　Plaintiff(s),<br>vs.<br><br>Bergelectric Corp,<br><br>　　　　　　Defendant(s). | Case No. 2:23-cv-00115-CDS-MDC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE DOCUMENT (ECF NO. 112) AND GRANTING PLAINTIFF'S MOTION TO FILE ELECTRONICALLY (ECF NO. 117)** |

Pro se plaintiff Jorge E. Ordonez Maluf filed a *Motion for Leave to File Document* ("Motion to Amend")(ECF No. 112) and a *Motion for Pro Se Litigant to File Electronically* ("Motion to File Electronically") (ECF No. 117). The Court **DENIES** the Motion to Amend and **GRANTS** the Motion to File Electronically.

I.     BACKGROUND

This is an employment discrimination action case. *ECF No. 8*. Discovery is closed. *ECF No. 40*. The Court granted summary judgment for defendant Bergelectric on plaintiff's Americans with Disabilities Act and Family and Medical Leave Act claims but denied the motion as to plaintiff's Title VII of the Civil Rights Act and Age Discrimination in Employment claims. *ECF No. 88 at 22*. Plaintiff argues in his Motion to Amend that he wants to add claims for abuse of process and intentional infliction of emotional distress because of alleged misconduct by defendant's counsel last year. *ECF No. 112*. Plaintiff argues in his Motion to File Electronically that he is concerned about the government shutdown impeding his ability to file documents at the courthouse. *ECF No. 117*. Defendant argues that it would be prejudiced if plaintiff amended his complaint at this late stage. *ECF No. 120*.

//

## II. DISCUSSION

### A. Legal Standards

Federal Rule of Civil Procedure ("Rule") 16(b) states the district court must issue a scheduling order that limits "the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). When the Court issues a scheduling order that establishes a timetable to amend the pleadings, Rule 16 governs any amendments to the pleadings. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). To allow for amendment under Rule 16, the moving party must show good cause for not having amended the pleadings before the time specified in the scheduling order. *Id*. The good cause standard primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recs., Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Even if the good cause standard is met under Rule 16, the Court has the discretion to refuse amendment if it finds reasons to deny leave to amend under Rule 15(a). *Johnson*, 975 F.2d at 610. "[A] party may amend its pleading only with the opposing party's written consent or the court's leave." FRCP 15(a)(2). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Although the general rule is that leave to amend should be "freely give[n] when justice so requires," delay is a relevant—though non-dispositive—factor in the court's analysis. *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999), see also Fed. R. Civ. P. 15(a)(2). Moreover, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). And "[a] need to reopen discovery and

therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint." *Lockheed Martin*, 194 F.3d at 986.

While pro se litigants act without attorneys, they nevertheless remain obligated to follow the same rules as represented parties. See *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.") (per curiam); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Self-representation is not an excuse for noncompliance with the court's rules and orders. See *Swimmer v. I.R.S.*, 811 F.2d 1343, 1344 (9th Cir. 1987) ("[i]gnorance of court rules does not constitute excusable neglect, even if the litigant appears pro se.") (citation omitted)). Federal Rule of Civil Procedure 6(b)(1) provides that the court may, for good cause, extend a deadline if the party requests the extension before the original deadline expires.

Under Local Rule IC 2-1(b), a pro se litigant may request the Court's authorization to register as a filer in a specific case. Per LR IA 10-1(b), "[d]ocuments filed electronically must be filed in a searchable Portable Document Format (PDF)[.]"

**B. Analysis**

While plaintiff is pro se, he must still follow the rules, and he has not done so here. Plaintiff alleges that in his Motion to Amend that he discovered counsel's alleged misconduct in July 2024. *ECF No. 112*. Plaintiff has not shown good cause under Rule 16. Plaintiff has not been reasonably diligent in moving to amend as he moved over a year after he learned of what he describes as counsel's misconduct, and after the close of discovery. Regarding the Rule 15 factors, allowing plaintiff to file an amended complaint at this late stage would unduly delay the litigation, which has been pending since 2023, and cause significant prejudice to defendant as discovery would need to be reopened and further extended to address the new claims. As prejudice to the opposing party carries the greatest weight, on

balance, the Court finds that prejudice against the defendant here is great. Plaintiff does not meet the standard for leave to amend under either Rule 16 or 15.

Although the Court did not close during the government shut down and the government has since re-opened, the Court grants plaintiff's Motion to File Electronically. Plaintiff shows good cause for the opportunity to file electrically.

//

**IT IS ORDERED** that:

1. Plaintiff Jorge E. Ordonez Maluf's *Motion for Leave to File Document* (ECF No. 112) is **DENIED.**

2. Plaintiff's *Motion for Pro Se Litigant to File Electronically* (ECF No. 117) is **GRANTED.**

3. Plaintiff is authorized to register as a filer in this case.

4. Plaintiff shall familiarize himself with the Local Rules pertaining to filing electronically, including filing documents in a searchable PDF format. See LR IC 2-1, 2-2, and LR IA 10-1(b).

5. Plaintiff must submit a completed registration form available on the Court's website.

6. Plaintiff shall comply with the following procedures to activate a CM/ECF account:

    a. Plaintiff must become familiar with the Electronic Filing procedures and events menus, obtain a PACER account, and obtain an CM/ECF login and password from the District of Nevada by submitting a completed registration form on the Court's website.

    b. Plaintiff must read and comply with the guidelines for e-filing available both on the Court's website and here at https://perma.cc/2NCZ-T2WX

IT IS SO ORDERED.

Dated November 17, 2025

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

5

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.