UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Jorge E. Ordonez Maluf, | Case No. 2:23-cv-00115-CDS-MDC |
| Plaintiff | **Order Resolving Plaintiff's Motion for Leave, Renewed Motion for Revision of Orders, Motion to Stay Discovery, and Objection, and Defendant's Motion for Sanctions** |
| v. | |
| Bergelectric Corp., | |
| Defendant | [ECF No. 109, 110, 113, 122, 127, 128] |

Pro se plaintiff Jorge Maluf brings this employment discrimination action against Bergelectric Corp. *See* ECF No. 8. Pending before the court are the following: (1) Maluf's motion for leave to file documents under seal (ECF No. 109); (2) Maluf's motion for reconsideration of the court's September 5th order (ECF No. 110); (3) Maluf's motion to stay discovery (ECF No. 113); (4) Bergelectric's motion for sanctions (ECF No. 122); and (5) Maluf's objection/appeal of Magistrate Judge Maximiliano D. Couvillier's November 17th order (ECF No. 128). For the reasons herein, I deny Maluf's motion for leave and motion for reconsideration, as well as Bergelectric's motion for sanctions. Further, I grant in part and deny in part Maluf's unopposed motion for a stay. Finally, I deny Maluf's appeal of Judge Couvillier's November 17th order.

I.    Background

On September 5th, I issued an order denying Maluf's motion for revision of interlocutory orders. *See* Order, ECF No. 105. In turn, Maluf filed a motion for reconsideration[1] seeking vacatur of the September 5th order and entry of an order granting his motion for revision of the interlocutory orders. Mot. recons., ECF No. 110.[2] Therein, Maluf makes similar arguments to those set forth in his motion for revision (ECF No. 99)—namely that Bergelectric presented

---

[1] Although Maluf titles the motion as one for "revision," I construe it as one for reconsideration.
[2] Maluf's renewed motion for reconsideration (ECF No. 110) is fully briefed. *See* Def.'s opp'n, ECF No. 115; Pl.'s reply, ECF No. 119.

contradictory statements in its discovery, which he believes were exposed after I ruled on the motion for summary judgment. *Compare* ECF No. 110, *with* Mot. revision, ECF No. 99. Maluf asks this court to vacate the September 5th order and grant his motion for revision, thereby reinstating his ADA and FMLA claims. *See* ECF No. 110 at 24; *see also* Order resolving summ. j., ECF No. 88 (dismissing Maluf's ADA and FMLA claims).

In connection to his motion for reconsideration, Maluf filed a motion for leave to file documents under seal. Mot. to seal, ECF No. 109.[3] Bergelectric opposes the motion to the extent that Maluf seeks to file or use Exhibits 8 and 9, which are audio and transcript records of a deposition proceeding. *See* ECF No. 116 at 2. Specifically, Bergelectric argues that those records are inadmissible because Maluf "surreptitiously obtained" them in "blatant violation" of the Federal Rules of Civil Procedure, attorney-client privilege, and Nevada criminal statutes. *Id.* Bergelectric also asks that this court order Maluf to destroy all copies of the recordings. *Id.*

Additionally, Bergelectric filed a motion for sanctions against Maluf based on his "multiple meritless motions for reconsideration." Mot. for sanctions, ECF No. 112. Maluf opposes that motion. Opp'n, ECF No. 123. The motion is fully briefed. Reply, ECF No. 125. Finally, Maluf filed a motion to stay—which Bergelectric does not oppose—and an appeal of Judge Couvillier's order denying his motion for leave to amend the complaint. Mot. stay, ECF No. 113; Non-opp'n, ECF No. 124; Obj., ECF No. 128.

## II. Legal standards

### A. Motion for reconsideration

A district court may reconsider an interlocutory order for cause, so long as it retains jurisdiction. Local Rule 59-1(a). Reconsideration may be appropriate if the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Smith v. Clark Cnty.*

---

[3] Maluf's motion for leave to file documents under seal (ECF No. 109) is fully briefed. *See* Def.'s opp'n, ECF No. 116; Pl.'s reply, ECF No. 118.

*Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)); *see also* LR 59-1(a). "Motions for reconsideration are disfavored. A movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts." LR 59-1(b).

### B. Motion to seal

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Unless a particular court record is one that has "traditionally been kept secret," a "strong presumption in favor of access" is the starting point. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1134 (9th Cir. 2003) ( quoting *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989)). The strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments. *Foltz*, 331 F.3d at 1136.

The Ninth Circuit "adopted this principle of disclosure because the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'" *Kamakana*, 447 F.3d at 1179 (quoting *Valley Broadcasting Co. v. United States Dist. Court*, 798 F.2d 1289, 1294 (9th Cir. 1986)); *accord Foltz*, 331 F.3d at 1135–36 (noting that "summary judgment adjudicates substantive rights and serves as a substitute for trial" (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252 (4th Cir. 1988))). Thus, "compelling reasons" must be shown to seal judicial records attached to a dispositive motion. *Kamakana*, 447 F.3d at 1172, (citing *Foltz*, 331 F.3d at 1136). The "compelling reasons" standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order. *Id.* ("[T]he presumption of access is not rebutted where . . . documents subject to a protective order are filed under seal as

attachments to a dispositive motion. The . . . 'compelling reasons' standard continues to apply." (citations omitted)).

### C. Motion for sanctions

#### 1. *Rule 11 sanctions.*

Federal Rule of Civil Procedure 11(a) requires that all pleadings, motions, and other filings be signed by an attorney of record or, if a party is unrepresented, by the party personally. The signature constitutes a representation and certification that the filing, "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:"

> (1) [is] not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will
> likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

Sanctions are justified under Rule 11 "when a filing is frivolous, legally unreasonable, or without factual foundation, or brought for an improper purpose." *Est. of Blue v. Cnty. of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997). A filing is frivolous if it "is both baseless and made without a reasonable and competent inquiry." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990). The purpose of Rule 11 is to promote judicial economy by deterring baseless filings, thereby "streamlin[ing] the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). Thus,

> [a] sanction imposed under [Rule 11] must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court;

> or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

Fed. R. Civ. P. 11(c)(4).

A motion for sanctions under Rule 11 "must be made separately from any other motion . . . and must be served under Rule 5." Fed. R. Civ. P. 11(c)(2). Further, Rule 11 provides for a 21-day safe-harbor window, so a motion seeking sanctions "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." *Id.* The safe-harbor provision requiring service prior to filing is mandatory and strictly enforced in the Ninth Circuit. *Islamic Shura Council of S. Cal. v. FBI*, 757 F.3d 870, 872 (9th Cir. 2014) (noting sanctions not allowed unless "strict compliance with Rule 11's safe harbor provision").

While "the court must take into account a plaintiff's pro se status when it determines whether the filing was reasonable," pro se filings "still may be frivolous if filed in the face of previous dismissals involving the exact same parties under the same legal theories." *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) (citations omitted).

### 2. *Sanctions under 28 U.S.C. § 1927.*

Section 1927 of Title 28 provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "The purpose of § 1927 may be to deter attorney misconduct, or to compensate the victims of an attorney's malfeasance, or to both compensate and deter." *Haynes v. City & Cnty. of San Francisco*, 688 F.3d 984, 987 (9th Cir. 2012). As such, § 1927 sanctions cannot be imposed on a non-attorney. *See Zaldiar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir. 1986).

### D. Appeal of a magistrate judges pretrial order

This district's local rules provide that "any party wishing to object to a magistrate judge's order on a pretrial matter must file and serve specific written objections," and the "deadline to file and serve any objections to a magistrate judge's order is 14 days after service of the order." Local Rule IB 3-1(a). "A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case under LR IB 1-3, when it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.*

## III.   Discussion

### A. Maluf's renewed motion for reconsideration (ECF No. 110) is denied.

Maluf's renewed motion for reconsideration fails to demonstrate that reconsideration is warranted.[4] Maluf's motion is essentially full of complaints about Bergelectric's counsel's behavior and restates allegations of discovery violations and rampart "fraud" upon the court by Bergelectric. *See* ECF No. 110. For instance, Maluf's motion includes a section titled "The Court Identified the Defendant's Timeline as a Basis for its Ruling." *Id.* at 13–14. Therein, he argues that the court "accepted" Bergelectric's timeline and then challenges the timeline's "authenticity and integrity," but fails to provide any evidence that the timeline was incorrect or erroneous. *Id.*

In another section, Maluf argues that Bergelectric produced a "sanitized" version of an email that omitted reference to another person named Jorge, referring to that Jorge as "young Jorge" during discovery.[5] *See id.* at 11–13. The omission was later corrected; however, Maluf contends this demonstrates an "ongoing pattern of evidence manipulation." *Id.* Even taking this email into account, Maluf fails to explain how that email could, should, or would change my

---

[4] Maluf has thrice moved for reconsideration. *See* ECF Nos. 89, 93, 99.

[5] Maluf has long claimed that discovery produced by Bergelectric had been altered and lodged complaints that ethical issues and factual misrepresentations had been "overlooked" by the court. *See e.g.*, ECF No. 89 (arguing the defendants have engaged in a "pattern of fraudulent concealment and discovery misconduct"); ECF No. 93 (arguing defendant's misconduct and fraud warrants reconsideration of summary judgment order). Some of these issues were previously resolved by this court. *See* Transcript, ECF No. 76 at 8–10. Thus, these arguments are neither new, nor constitute newly discovery evidence.

reasoning in my summary judgment order given that email is referring to a different person named Jorge—*not* Jorge Maluf.

Maluf further contends that a surreptitious recording[6] of his May 2024 deposition that he has had in his possession since July 15, 2024, further supports a "Premediated Scheme" to defraud the court so I should grant the relief he seeks. Again, nothing in that recording demonstrates that the court's reasoning in its summary judgment order warrants reconsideration. Moreover, Maluf fails to provide any explanation as to why this recording is being referenced for the first time in this motion for reconsideration given the recording has been his possession for well over a year. As stated in his renewed motion, Maluf discovered the "inadvertent audio recording" of his May 13, 2024 deposition in July of 2024. *See* ECF No. 110 at 15 ("On July 15, 2024, Plaintiff discovered that an inadvertent audio recording of the May 13 deposition had captured conversations that took place during a break, outside of Plaintiff's presence."). The lack of explanation is critical given the magistrate judge had a hearing resolving deposition disputes in August of 2024 and Maluf already knew about this evidence by that time, meaning, this could have been addressed then but it was not. *See* ECF No. 110-1 at 38. Stated otherwise, this does not constitute new evidence. Because Maluf fails to demonstrate reconsideration is warranted, his renewed motion for reconsideration is denied.[7]

**B. Maluf's motion to seal (ECF No. 109) is denied without prejudice because it fails to comply with the Local Rules.**

The Local Rules provide that the electronic record is the court's official record and require the Clerk of the Court to maintain the official files for all cases in electronic form. *See* LR IC 1-1 (amended April 17, 2020). Pursuant to LR IA 10-5, parties must file documents under seal using the court's electronic filing procedures.

---

[6] The court cites to this section of the motion to explain why Maluf's arguments fail to demonstrate reconsideration is warranted. It does not, however, rely on the incomplete transcript in forming any final opinions.

[7] Maluf is again cautioned that any continued filings that do not properly address the motion for reconsideration standard will be summarily denied. *See* ECF No. 105 at 4, n.2.

The rule states:

> Unless otherwise permitted by statute, rule, or prior court order, papers filed with the court under seal must be accompanied by a motion for leave to file those documents under seal. If papers are filed under seal under prior court order, the papers must state on the first page, directly under the case number: "FILED UNDER SEAL UNDER COURT ORDER (ECF No. ___)." All papers filed under seal will remain sealed until the court either denies the motion to seal or enters an order unsealing them.

LR IA 10-5(a).

Pursuant to this rule, a party must first file its underlying brief or motion. Second, the party files its motion to seal on the public docket without the confidential documents and "links" this motion to seal in CM/ECF to the underlying brief. *See* LR IC 2-2(d). Applied here, Maluf seeks to seal documents related to his motion for reconsideration, so he would link the motion to seal in CM/ECF to the motion for reconsideration that he previously filed. Then, Maluf would need to file the confidential documents under seal in CM/ECF as "Sealed Exhibit(s)" and link the sealed exhibit(s) to his motion to seal.

Although Maluf filed his motion to seal, he failed to file the exhibits for the court's consideration in accordance with the Local Rules. Consequently, the court cannot consider his exhibits, so his motion to seal is denied.

Even if Maluf had properly filed his motion to seal, the court would nonetheless deny Maluf's request. Bergelectric correctly notes in its opposition that the recording is inadmissible under Fed. R. Civ. P. 30. And if, as asserted by Bergelectric, the recording contains private conversations between the defendant and its counsel, then it contains attorney-client privileged communications.[8] *See* ECF No. 116 at 3–5. The attorney-client privilege is designed to encourage full and frank communication between attorneys and their clients, and to promote broader public interests in the observance of law and the administration of justice. *In re Grand Jury*, 13

---

[8] The court cannot make a final determination as to this issue has it does not have a copy of the recording or the transcript. However, because the recording is inadmissible, the court need not obtain a copy of recording or a transcript of it at this time.

F.4th 710 (9th Cir. 2021). The privilege applies to corporations, protecting communications between corporate employees and corporate counsel when made at the direction of corporate superiors to secure legal advice, provided the employees are aware that the communications are for legal purposes and will remain confidential. *See Upjohn Co. v. United States*, 449 U.S. 383, 390 (1981). Thus, conversations between defense counsel and Bergelectric's corporate representative would be covered by privilege. Accordingly, Maluf is prohibited from using the recording in connection with this case.[9]

### C. Bergelectric's motion for sanctions (ECF No. 122) is denied.

Bergelectric moves for sanctions in the form of attorney's fees based on Maluf filing multiple motions for reconsideration. *See* ECF No. 122. Bergelectric argues that Maluf's motions are "meritless" and repetitive, have been filed for the purpose of harassing the defendant and defense counsel, and have needlessly increased the cost of litigation. *Id.* It further argues that case terminating sanctions are also warranted based on Maluf's willful and blatant violations of the FRCP, attorney-client privilege, and Nevada law, regarding his surreptitious recording of his May 13, 2024 deposition. *Id.*

Maluf opposes the motion. *See* ECF No. 123. He argues that the motion is "devoid of legal and factual merit" and is "a textbook example of bad-faith litigation." *Id.* at 1. Maluf further argues that the motion should be denied for failing to comply with Rule 11's safe-harbor provision. Finally, Maluf contends that the motion is a bad faith attempt to re-litigate Bergelectric's prior request for sanctions. *Id.* at 2–4.

---

[9] Bergelectric's opposition requests that I order Maluf to destroy all copies, electronic or otherwise, of the surreptitious recording. ECF No. 116 at 6. I deny this request without prejudice because it violates LR IC 2-2(b). That rule requires "[f]or each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document." *Id.* It further provides that "separate documents must be filed for a response to a motion and a countermotion, with the appropriate event selected for each document, rather than filing a response and a countermotion in one document." *Id.* at (b)(i).

Bergelectric admittedly failed to comply with Rule 11's safe-harbor provision,[10] so its motion for sanctions under that rule is denied. Its request for sanctions under 28 U.S.C. § 1927 is likewise denied because sanctions under this rule cannot be imposed upon a non-attorney. *Zaldivar*, 780 F.2d at 831. However, Bergelectric also moves for sanctions under Local Rule 59-1(b). That rule proves that "[a] movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts' and "[a] movant who repeats arguments will be subject to appropriate sanctions." LR 59-1(b). Maluf failed to respond to Bergelectric's motion for sanctions under this rule. The court *could* impose sanctions based on his failure to respond. *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion."). But the court declines to so at this time. Maluf has been cautioned in a prior order, and now in this order. To be clear, filing motions that raise the same or similar arguments based on the same or similar evidence, without more, is *not* grounds for reconsideration or "revision." Failure to heed the court's caution may be grounds for sanctions.

### D. Maluf's appeal (ECF No. 128) is denied.

On November 17, 2025, Judge Couvillier issued an order granting Maluf's motion to file electronically as a pro se litigant (ECF No. 117) and denying his motion to amend the complaint[11] (ECF No. 112). Order, ECF No. 127. Judge Couvillier denied Maluf's motion to amend after determining that he failed to demonstrate good cause and that he was not diligent in moving to amend. *Id.* at 3. Judge Couvillier further found that permitting amendment at this late stage would cause significant prejudice to the defendant as discovery would need to be reopened and further extended to address Maluf's proposed new claims. *Id.* at 3–4.

---

[10] *See* Reply, ECF No. 125 at 2–3 (admitting it failed to comply with the safe-harbor provision).
[11] This motion is docketed as a motion for leave to file a document, but its contents are clearly a motion for leave to amend the complaint.

Maluf objects to the order denying his motion for leave to amend the complaint, arguing that he was, in fact, diligent and he sought amendment at this stage of the case because he recently discovered a "smoking gun" buried in the audio recording of his July 2024 deposition with the assistance of "AI-enhanced transcription process." *Id.* at 2. He argues, without points and authorities in support thereof, that the court "must view" his diligence "through the lens of defendant's proven pattern of concealment." *Id.* at 3 (modified). Finally, he argues that permitting amendment would not prejudice the defendant. *Id.* at 4. Having reviewed the appeal, the court has determined it can be resolved without a response from the defendant.

Maluf's appeal is denied because he fails to show the order is contrary to the law or clearly erroneous. Judge Couvillier correctly found that Maluf has long claimed that the defendant's counsel was engaged in misconduct, and he has been in possession of the audio recording containing the alleged "smoking gun" since July of last year, so Maluf fails to demonstrate good cause warrants amendment. "Good cause means that the schedule cannot reasonably be met despite that party's diligence." Fed. R. Civ. P. 16 advisory committee's note to subdivision (b), 1983 amendment. Here, Maluf could have moved for amendment based on his prior allegations of misconduct by defense counsel earlier but failed to do so. Further, his decision to wait to utilize an unnamed "AI" tool to enhance an audio recording he had in his possession for over a year was his choice alone, and that choice demonstrates a lack of diligence. *Compare Permatex, Inc. v. Loctite Corp.*, 2004 WL 1354253, at *3 (S.D.N.Y. June 17, 2004) (holding that plaintiff exhibited diligence by moving to amend less than two months after deposition that brought new information to light).

Finally, adding defense counsel would undoubtedly cause additional delay because the defendant would have to obtain new counsel. *See Watkins v. Cnty. of Los Angeles Cal.*, 2023 U.S. Dist. LEXIS 86006, at *6 (C.D. Cal. Mar. 9, 2023) (denying plaintiff's motion to add opposing counsel as defendants because it would impose significant prejudice against the defendant as those attorneys would likely be disqualified and would require defendant to obtain new counsel);

11

*Kabins Family Ltd. P'ship v. Chain Consortium*, 2012 WL 13048565, at *3 (D. Nev. Sept. 27, 2012) (denying motion for leave to amend because adding opposing counsel as a defendant would cause significant prejudice).

This action has already been pending over two years and dipositive motions have been filed and resolved. Amendment at this late stage would prejudice the defendant and further delay this case. Maluf fails to demonstrate that the order denying his motion for leave to amend is either clearly erroneous or contrary to the law. Accordingly, Maluf's appeal is denied and Judge Couvillier's order in affirmed in full.

### E. Maluf's unopposed motion to stay (ECF No. 113) is denied in part and granted in part.

In part, Maluf moves for stay because of his pending motion to amend the complaint. *See* ECF No. 113. The court has now denied it, so his motion to stay is also denied. However, he also moves to stay the filing of the joint pretrial order (JTPO) until 30 days after the court resolves his motion for revision. While the JPTO is already tardy, the court nonetheless grants the request that the parties file the joint pretrial order 30 days after the court resolves Maluf's latest motion for revision. As this order denies that motion, their proposed order is now due January 7, 2025.

## IV. Conclusion

IT IS HEREBY ORDERED that:

- Maluf's motion for leave to file under seal **[ECF No. 109] is DENIED.**
- Maluf's motion for revision, which is construed as a motion for reconsideration, **[ECF No. 110] is DENIED.**
- Maluf's motion for a stay **[ECF No. 113] is GRANTED in part and DENIED in part as set forth in this order.** The parties' proposed joint pretrial order is due January 7, 2025.

- Bergelectric's motion for sanctions [ECF No. 122] is DENIED.
- Maluf's appeal of Judge Couvillier's order denying his motion for leave to amend the complaint [ECF No. 128] is DENIED, so the November 17, 2025 order [ECF No. 127] is affirmed in full.

Dated: December 4, 2025

_____
Cristina D. Silva
United States District Judge