UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Jorge Ordonez Maluf,

                Plaintiff

v.

Bergelectric Corp.,

                Defendant

Case No. 2:23-cv-00115-CDS-MDC

**Order Rejecting Proposed
Joint Pretrial Order**

[ECF No. 135]

The parties submitted their proposed joint pretrial order. ECF No. 135. Although the court recognizes that the parties made significant efforts to confer, their proposed order does not comply with Local Rules 16-3 and 16-4 and is therefore rejected.

As a threshold matter, the proposed joint pretrial order must not contain extraneous information, as the parties have included here. The section describing the nature of the action must provide a **concise** statement of the claims to be tried and should not address the strength or validity of the plaintiff's claims. It must not include argument or argumentative language; a simple summary of the case is sufficient. Additionally, Local Rules 16-3 and 16-4 do not permit clarifications or responses, as Maluf has included throughout the proposed order here. *See id.* at 4–5, 12, 23.

Second, the parties' have not presented issues of fact. *Id.* at 6–12. Issues of fact are disputes about what actually happened. Therefore, the parties should identify the key factual disputes that must be resolved at trial for the case to be decided by the jury. This section must be significantly narrowed and limited to the relevant facts of the case. The parties should provide a clear, concise list of disputed factual questions, limited to material facts—that is, facts that bear on the claims or defenses. It should include a **neutral** summary of the expected evidence that will support or refute the plaintiff's Title VII and ADEA claims, but need not

include every single dispute between the parties. For example, whether the employer terminated the plaintiff because of age or whether the facts, if proven, violate the ADEA.

The parties' issues of law suffer the same defect. *Id.* at 12–14. Both sides have reiterated issues of fact in this section rather than issues of law. Here, the parties should focus on the applicable law and how it applies. They should identify the legal questions that need to be resolved, specifically concentrating on the elements necessary to prove or refute a Title VII or ADEA violation. For example, whether the plaintiff has established a prima facie case under Title VII, or whether the defendant's stated reason for termination constitutes a legitimate, non-discriminatory reason under the ADEA.

Next, Maluf's schedule of exhibits fails to comply with the requirements of section VII. *Id.* at 15–19. Although Maluf has reasonably identified many of his exhibits, it is not permissible to include catch-all entries such as "Relevant docket material necessary for context," "Plaintiff's Request for Admission and Defendant's Responses," "Plaintiff's Interrogatories and Defendant's Responses," or "Plaintiff's Request for Production and Defendant's Responses." *Id.* at 18. Maluf's descriptions are too vague to permit the defendant to object to them as required by Local Rule 16-3(b)(8)(B). If Maluf means every single document that he received in response to their document requests, then this too is noncompliant with the rules, and also makes it impossible for the defendant to object. Under LR 16-3(b)(8), the list must not only include the exhibits that will be offered at trial, but each exhibit must be described "sufficiently for ready identification[.]"

Further, Local Rules 16-3(b)(10) and (11) require the parties to identify the depositions they intend to offer at trial. Both parties indicate that they will offer deposition transcripts (*id.* at 18, 20) without "designating the portions of the depositions to be offered" or providing a "statement of the objections, and the grounds for them." LR 16-3(b)(10), (11).

Finally, as noted above, the local rules do not permit the inclusion of extraneous information, such as the "trial management issues" included by the parties. ECF No. 135 at 24–26. The matters addressed in this portion of the proposed order fall outside the scope of a joint pretrial order and should instead be addressed through motions practice.

**Conclusion**

It is ordered that the proposed joint pretrial order **[ECF No. 135] is REJECTED.** The parties are reminded that the rules are designed to streamline trial preparation and presentation. While I recognize the progress the parties have made thus far, additional effort is required to present a fully complaint joint order. A second proposed joint pretrial order is due by May 22, 2026.

Dated: April 24, 2026

_____
Cristina D. Silva
United States District Judge

3